PRISCILLA CRAWFORD, as Executrix of WILLIAM J. CRAWFORD, Deceased, Respondent, v. ISABELLA McCARTHY, Appellant.

1. WILL — CLASSIFICATION OF LEGACIES. The several classes of legacies defined, and specific legacies and demonstrative legacies distinguished.

2. DIRECTION TO PAY A SUM OUT OF BANK DEPOSIT — SPECIFIC LEGACY — ADEMPTION. A clause in these words, in the will of a testatrix having a bank deposit in the name of her daughter: "I direct my daughter, out of the moneys belonging to me on deposit in her name, to pay my said son the sum of fifteen hundred dollars," without any general bequest to the son, constitutes a specific, and not a demonstrative, legacy; and if the deposit has been reduced below the amount of the legacy, by the testatrix after the will was made, the son is entitled only to what the testatrix had on deposit in the name of her daughter, at the time of her death.

3. DIRECTION TO PAY OVER MONEY, NOT A CHARGE ON REAL ESTATE. Such clause, not requiring the daughter to pay any money of her own, but merely directing her to pay over to the son money of the testatrix on deposit in a bank, does not have the effect of making the payment of the legacy a condition of the daughter's acceptance of a specific devise of the testatrix's real estate, and therefore her acceptance of the devise does not make the legacy a charge upon the real estate.

*Crawford* v. *McCarthy*, 21 App. Div. 484, reversed.

(Argued June 9, 1899; decided June 23, 1899.)

APPEAL from a final judgment entered November 3, 1897, at Special Term after affirmance by the Appellate Division of the Supreme Court in the first judicial department of an interlocutory judgment overruling demurrer to the plaintiff's complaint.

The substance of the complaint and the grounds of the demurrer are stated in the opinion.

*Alex. Thain* for appellant. The provision for the plaintiff, if a legacy, is specific and not demonstrative. (Redf. on Sur. 605, 606; *Delaney* v. *Van Aulen,* 84 N. Y. 16; *Beck* v. *McGillis,* 9 Barb. 35; *Barber* v. *Davidson,* 73 Ill. App. 441; *Prendergast* v. *Walsh,* 42 Atl. Rep. 1049; *Walton* v. *Walton,* 7 Johns. Ch. 263; Willard, Eq. Juris. 464; *Risley* v. *Smith,* 7 J. & S. 137; *Shuttleworth* v. *Bruce,* 7 Robt. 160; *Morton* v. *Naylor,* 1 Hill, 583; *Bradley* v. *Root,* 5 Paige, 632; *Alger* v. *Scott,* 54 N. Y. 15.) The legacy was not made a charge upon the real estate specifically devised to the defendant. (*Hindman* v. *Haurand,* 2 App. Div. 146; 1 Redf. on Wills, 279; *Bevan* v. *Cooper,* 72 N. Y. 317; 1 Roper on Legacies, 680; *Clift* v. *Moses,* 116 N. Y. 144; *Dunham* v. *Deraismes,* 29 App. Div. 432; *Arthur* v. *Dalton,* 14 App. Div. 108; *Burns* v. *Allen,* 89 Hun, 552; *Briggs* v. *Carroll,* 117 N. Y. 288; *McCorn* v. *McCorn,* 100 N. Y. 511; *Brill* v. *Wright,* 112 N. Y. 129; *Wiltsie* v. *Shaw,* 100 N. Y. 191; *Schnorr* v. *Schroeder,* 45 Hun, 148; *Hoes* v. *Van Hosen,* 1 N. Y. 120.) The will was made up of a series of specific dispositions of property without any residuary clause. (*Kerr* v. *Dougherty,* 79 N. Y. 327; *McCorn* v. *McCorn,* 100 N. Y. 511.) The defendant should have been made a party in her capacity as executrix. (*Dunham* v. *Deraismes,* 29 App. Div. 432.)

*Levi S. Hulse* for respondent. The complaint states facts sufficient to constitute a good cause of action, and the demurrer thereto was properly overruled. (Schouler on Wills, § 5; 1 Roper on Legacies, 149, 198; 2 Bouvier's Law Dict. 17, 22; Williams on Ex. 439; *Watrous* v. *Smith,* 7 Hun, 544; *Enders*

v. *Enders*, 2 Barb. 362; Willard, Eq. Juris. 501–504; *New-ton* v. *Stanley*, 28 N. Y. 61; *Giddings* v. *Seward*, 16 N. Y. 365; Dayton on Sur. 419; *Pierrepont* v. *Edwards*, 25 N. Y. 128; *Walton* v. *Walton*, 7 Johns. Ch. 263; *Myers* v. *Eddy*, 47 Barb. 263; *Snow* v. *Darling*, 16 How. [U. S.] 1; *Scott* v. *Stebbins*, 91 N. Y. 613.) The children of the deceased daughter of the testatrix are not necessary or proper parties. (*Quackenbush* v. *Quackenbush*, 42 Hun, 329; *Brown* v. *Knapp*, 79 N. Y. 143; *Scott* v. *Stebbins*, 91 N. Y. 605.) It was not necessary that Isabella McCarthy, as executrix of Agnes M. Crawford, deceased, should have been joined as defendant. (*Brown* v. *Knapp*, 79 N. Y. 143.)

HAIGHT, J. The original plaintiff, William J. Crawford, in this action alleges that Agnes M. Crawford, late of the city and county of New York, died on the 8th day of February, 1895, leaving a last will and testament of which the following is a copy:

"I, Agnes M. Crawford, widow of William Crawford, late of the city of New York, deceased, do make my last will and testament as follows:

"*First.* I direct all my debts and funeral expenses to be paid.

"*Second.* I give, and bequeath to my daughter Isabella the house and premises number 316 East 117th street in the city of New York, together with my furniture and jewelry and other personal property; also money belonging to me on deposit to her credit. Excepting from said personalty, however, the business now carried on by me and license pertaining to the same, and excepting also the disposition of moneys belonging to me now on deposit in her name.

"*Third.* I give and bequeath to my son William J. the business now carried on by me at the corner of 86th street and Madison avenue, together with the license under which I conduct the same, and I direct my daughter Isabella, out of the moneys belonging to me on deposit in her name, to pay my said son the sum of fifteen hundred dollars.

"*Fourth.* I bequeath to the children of my deceased daughter, Mary J. Hunt, the sum of fifty dollars each, as and when

they severally arrive at the age of twenty-one years, to be paid out of the moneys on deposit in the name of my daughter Isabella. In thus limiting the bequest to the children of my said daughter I desire to say that I do so because I had advanced and expended on her behalf about the sum of one thousand dollars.

"*Fifth.* I hereby appoint my daughter Isabella sole executrix of this last will and testament, and authorize her to sell, convey and dispose of any and all real estate or personal property of which I may die seized or possessed and to mortgage such real estate.

"*Sixth.* Should any of my heirs at law and next of kin mentioned in this will contest the same, the making of such contest is to be taken and deemed a waiver of all interest of such contestant in the provisions hereof, and the interest which such contestant would have taken under this will shall be and become immediately upon such contest being inaugurated a part of my residuary estate.

"This instrument, consisting of two sheets of paper typewritten on one side only, each of which bears my signature and is declared by me to be my last will and testament.

"In witness whereof I have hereunto set my hand at the city of New York this 17th day of April, 1894.

Her
"AGNES M. x CRAWFORD."
mark.

That on the 10th day of April, 1895, the said last will and testament was duly proven and admitted to probate by the Surrogate's Court of the county of New York, and that the same was recorded in the office of said surrogate in liber 504 of Wills at page 469, as a will of both real and personal estate ; that letters testamentary thereon were issued to the defendant as sole executrix ; that she qualified and took upon herself the duties thereof under the will and is still acting as such ; that no inventory of the estate has been filed, but it is alleged that the personal estate does not exceed the sum of $1,500 ; that the deceased left her surviving, the plaintiff, her only son, and the defendant, her only daughter, then living, and five grand-

children by a deceased daughter, all of whom are minors, her only heirs of law and next of kin ; that as soon as said will was admitted to probate the defendant took possession under the will of the real property therein described, and also the personal property except the business and license therein mentioned, and since that time had retained the absolute possession and control of the real estate, and has accepted the provisions of the will both as executrix and individually, or as devisee. The plaintiff also alleges, upon information and belief, that the testatrix did not leave sufficient assets, exclusive of her real estate, to pay his legacy of $1,500, although at the time of making the will the testatrix had cash on deposit in the name of her daughter Isabella, amounting to over $1,800 ; that he has been advised, and, therefore, alleges, that the defendant has accepted the terms and provisions of the will, and by reason thereof she has become and is personally liable to pay the plaintiff the sum of $1,500, directed in the will to be paid to him by the defendant, notwithstanding the fund referred to is insufficient to pay the same, and that the payment of that sum is a charge upon the real estate devised to the defendant.   He concludes by demanding judgment accordingly.   Pending the appeal to this court, William J. Crawford died, and Priscilla Crawford, his executrix, has been substituted in his place.   The defendant, through her attorney, entered a demurrer to the complaint : *First,* upon the ground that the complaint does not state facts sufficient to constitute a cause of action ; *second,* that there is a defect of parties plaintiff, in that the grandchildren of the testatrix should have been joined as plaintiffs, and *third,* that there is a defect of parties defendant, in that the executrix should have been joined as a defendant.

The judgment entered herein after the overruling of the demurrer declares the legacy of $1,500 payable to the plaintiff a lien upon the real estate devised to the defendant, appoints a referee and adjudges that the real estate be sold by him at public auction, and that out of the proceeds he pay the costs and such legacy.

A general legacy is a gift of personal property by a last

will and testament, not amounting to a bequest of a particular thing or money, or of a particular fund designated from all others of the same kind. A specific legacy is a bequest of a specified part of a testator's personal estate distinguished from all others of the same kind. A demonstrative legacy is a bequest of a certain sum of money, stock or the like, payable out of a particular fund or security. For example, the bequest to an individual of the sum of $1,500 is a general legacy. A bequest to an individual of the proceeds of a bond and mortgage, particularly describing it, is a specific legacy. A bequest of the sum of $1,500 payable out of the proceeds of a specified bond and mortgage, is a demonstrative legacy. A demonstrative legacy partakes of the nature of a general legacy by bequeathing a specified amount and also of the nature of a specific legacy by pointing out the fund from which the payment is to be made; but differs from a specific legacy in the particular, that if the fund pointed out for the payment of the legacy fails, resort may be had to the general assets of the estate. (Willard, Eq. Jur. 502, 503; 2 Bouvier, Law Dict. [Rawle's ed.] 161, and authorities there cited.)

The will contained no general residuary clause as to real estate. The testatrix appears to have died possessed of the house and lot No. 316 East 117th street, which she specifically devised to her daughter. She also appears to have been the owner of a restaurant business carried on at the corner of 86th street and Madison avenue, which she specifically bequeathed to her son. It also appears that, at the time of her making the will, she had $1,800, or thereabouts, on deposit in a bank in the name of her daughter. Out of this fund she directs her daughter to pay to her son William the sum of $1,500. It will be observed that there is no general bequest of the sum of $1,500, but that his right thereto rests solely in the direction to the daughter to pay him that sum and that payment is to be made out of the particular fund designated as the fund belonging to the testatrix but on deposit in the name of Isabella. It is contended that this direction to pay William is a demonstrative legacy. We do not so understand it. As we have seen, two elements are necessary in order to constitute

such a legacy. There must be first, a bequest in the nature of a general legacy, and, second, it must point to a fund out of which the payment is to be made, partaking of the character of a specific legacy. But one of these elements is present in this case, and that is the one directing the payment to be made out of a particular fund. We think, therefore, it is a specific legacy and that the plaintiff is entitled to only that which the testatrix had on deposit in the name of her daughter.

The cases of *Giddings* v. *Seward* (16 N. Y. 365) and *Newton* v. *Stanley* (28 N. Y. 61), relied upon by the respondent, are in accord with our views. In the first case there was a bequest to the testator's mother of the sum of $1,200 contained in a bond and mortgage given to the testator by Orrin W. Seward. In that case it was held that both elements constituting a demonstrative legacy were present; that the bond and mortgage were not bequeathed, but that there was a general bequest of $1,200, and that by a subsequent clause the $1,200 was directed to be paid out of the proceeds of the bond and mortgage, thus bringing the case squarely within the definition above given of a demonstrative legacy. In the latter case there was a bequest to one son of $250 and to another son of $400, with a direction that both legacies be paid out of the indebtedness of a third son to the testator amounting to $1,000 secured by a mortgage, the balance of which indebtedness was bequeathed to such third son. The third son having neglected to pay, the executor brought an action to foreclose the mortgage. It was held, the bequest to the first and second sons being general, with a direction that they be paid out of the indebtedness secured by the mortgage, that the general assets of the estate would be liable in case they were not paid, and that, therefore, the executor had the power to maintain the action to foreclose the mortgage and collect the amount of those legacies which otherwise he would have been compelled to pay out of the general assets of the estate.

Again, the claim of the respondent is that there was a specific devise to the defendant of the real estate referred to, and that she has accepted such devise under the will, and that in doing so she has impliedly agreed to pay such sums of

money or legacies as the will has required her to pay. This contention would be sound if the will required her to pay any sum of money, for in such case the provisions of the will in her favor would be deemed to have been made upon the condition that she comply with the requirements made of her. But our examination of the will fails to disclose any provision requiring her to pay any sum of money whatever. It is true she is directed to turn over to William certain moneys on deposit in her name, but it was the money that belonged to her mother and not to her. She is directed to do a certain thing with her mother's money, but is not required to pay a dollar from her own purse. Suppose the testatrix had her money locked up in a chest in the house and had handed the key to her daughter for safe keeping and then had directed in the will her daughter to take the money from the chest, of which she had the key, and deliver the same to William. Could it be properly held that the daughter was required to pay a specified sum of money as a condition for taking the specific devise of real estate? We think not. To our minds the situation is not changed by the fact that the testatrix kept her money on deposit in the bank in the name of the daughter. The equitable title was in the testatrix still, and the provision of the will requiring $1,500 of the amount to be turned over to the son was a direction with reference to her own property and money and was not a requirement on the part of the daughter to pay from her purse that sum as a condition for accepting the devise of the real estate. The legacy is not, therefore, a lien upon the real estate. It cannot be collected out of the general assets in this action for the reason that the executrix is not a party.

The judgment should be reversed, with costs in all of the courts, and the demurrer sustained, with leave, however, to the plaintiff to amend the complaint within twenty days upon payment of the costs.

All concur, except PARKER, Ch. J., not sitting, and GRAY, J., not voting.

Judgment reversed, etc.