(Surrogate's Court, New York County. February, 1902.)

1. WILLS—CONSTRUCTION—SPECIFIC LEGACY.

Where a mortgage is given to an infant, subject to a life estate in the income in testator's widow, it is specific, and a legal title, subject to the life estate, passes at once to the infant; and on the death of the life tenant the principal may be paid to the infant, without the appointment of an administrator with the will annexed of the testator.

2. EXECUTORS—COMMISSIONS.

No commissions are allowed on a specific legacy.

In the matter of the judicial settlement of Lewis G. Robinson and Albert J. Adams, Jr., executors of Ida Robinson. Certain claims disallowed.

William H. Murnan, for executors.

Blumenthal, Moss & Feiner, for residuary legatee.

THOMAS, S. The legacy of the mortgage for $25,000, contained in the will of Daniel W. Robinson, to Ida R. Adams, subject to the income thereof being paid to his wife during her life, was specific, and not general. Walton v. Walton, 7 Johns. Ch. 258, 11 Am. Dec. 456; Crawford v. McCarthy, 159 N. Y. 514, 54 N. E. 277. The legal title to the mortgage, subject to the life interest of the wife, passed directly

from the testator to the legatee; it appearing that the estate of the testator was solvent, and that the executrix did not have any title based upon her right and duty to provide for payment of debts. Blood v. Kane, 130 N. Y. 514, 29 N. E. 994, 15 L. R. A. 490. On the death of the widow, who was also the executrix and residuary legatee, and whose estate is now being administered, the mortgage could properly have been satisfied by payment to Ida R. Adams. The fact that Ida R. Adams was then an infant, and that her general guardian was also the mortgagor, did not devest the title of the security out of her, or make it legally necessary to have an administrator with the will annexed of Daniel W. Robinson appointed. Such appointment was not necessary for the administration of the estate of Daniel W. Robinson, and no compensation for procuring it can be awarded, so as to make it payable out of assets properly converted by the deceased executrix to her own use, in accordance with her rights as residuary legatee. The legacy of the mortgage being specific, no commissions on it can be allowed. Hall v. Tryon, 1 Dem. Sur. 296. The claim submitted on the stipulated facts is therefore disallowed.

Decreed accordingly.