(Surrogate's Court, New York County.   December, 1915.)

1. WILLS ⊚⇒753—CONSTRUCTION—SPECIFIC LEGACIES.
   Where the testator willed to his brother his "business, lease and contents being the hotel business carried on at No. 20 Tenth avenue in the city of New York," the legacy was specific.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1939–1944; Dec. Dig. ⊚⇒753.]

2. WILLS ⊚⇒753—CONSTRUCTION—SPECIFIC LEGACIES.
   Where a testator willed to four brothers, in equal shares, "all money I may have on deposit in any and all banks at the time of my death," the legacy was specific.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1939–1944; Dec. Dig. ⊚⇒753.]

3. WILLS ⊚⇒756—CONSTRUCTION—GENERAL LEGACIES.
   Where the testator willed "fifteen shares of the capital stock of" a corporation and "twenty-five shares of the capital stock of" a bank, the legacy was general.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1949–1955; Dec. Dig. ⊚⇒756.]

4. EXECUTORS AND ADMINISTRATORS ⊚⇒271—PAYMENT OF DEBTS AND COST OF ADMINISTRATION—LEGACIES SUBJECT TO.
   To the payment of debts and administration expenses should be applied: First, the unbequeathed personalty as to which the testator died intestate; second, the general legacy; and, last, the specific legacies.
   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1044–1051; Dec. Dig. ⊚⇒271.]

In the matter of the estate of Henry Klatte, deceased.  Proceeding for the construction of a will.  Decreed according to opinion.

The fourth, fifth, and sixth clauses of the will are as follows:

"Fourth: I give, devise and bequeath unto my beloved brother T. Theodore Klatte, my business, lease and contents being the hotel business carried on at No. 20 Tenth Avenue, in the city of New York, to have and to hold the same for his own sole benefit and use forever.

"Fifth: I give, devise and bequeath unto my brothers Herman Klatte and John Klatte, and to my sisters Meta Wilckens née Klatte and Anna Wicke née Klatte, all four now residing in Bremen, in Germany, all money I may have on deposit in any and all banks at the time of my death, to be taken by them and to be divided between them so that each one shall take one-fourth part thereof for his or her share, which share shall be taken by them for their own sole and separate use and benefit forever.

"Sixth: I give, devise and bequeath to Mrs. Katharine Beyer, the wife of John Beyer, of the city of New York, fifteen shares of the capital stock of the Consumers' Brewing Company, Limited, of New York, and also twenty-five shares of the capital stock of the Mercantile Co-operative Bank of the City of New York.  To have and to hold the same to her own sole and separate use and benefit forever."

Reynolds & Geis, or Brooklyn (Richard A. Geis, of Brooklyn, of counsel), for executors.

William J. Burke, of New York City, special guardian.

FOWLER, S.  The special guardian's objections are sustained as follows:  The legacies contained in the fourth and fifth clauses of the

will are specific legacies. Estate of Beckett, 15 N. Y. St. Rep. 716. In Roper & White on Legacies (volume 1, p. 199) it is said:

"Following then the same principle, viz., the intention of testators, if a testator direct his freehold or leasehold estates to be sold, and dispose of the proceeds in such a form as to evince an intention to bequeath them specifically, the testamentary dispositions will be specific, the money is sufficiently identified and severed from his other property, and since he has sufficiently marked his intent to distribute the identical proceeds, the bequests are accompanied with all the requisites of specific legacies.

"An instance of this kind occurred in Page v. Leapingwell, 18 Ves. 463. See also Newbold v. Roadnight, 1 Rus. & M. 677. In that case A. devised to B. real estates in trust to sell, but *not for a less* sum than £10,000; and he directed B., out of the monies arising from the sale, in the first place, to lay out the sum of £3,000 in purchasing a benefice for his godson, C. He also directed B. by and out of the monies arising from such sale as aforesaid, to lay out the sum of £4,000 in the purchase of lands in the county of Essex, as his nephew D. should choose; and he further directed B. by and out of the monies arising from such sale as aforesaid, to place the sum of £500 at interest in the funds in his own name, and to pay the dividends to E. for life, and afterwards to divide the principal as therein mentioned. The testator then gave three legacies of £100 each, and directed B., after payment of the above legacies, to invest in the public funds *all* the *over*plus monies arising *from the sale* of his said real estates, and to pay the dividends to F. and G. equally. The testator then proceeded to dispose of other parts of his property, and concluded with a *general* residuary bequest. The proceeds from the sale of the lands were less than £7,000. The questions were, whether the legacies were specific, and, if so, whether F. and G. were entitled to any part of the fund with the other legatees, since what was given to them appeared to be residuary; and Sir W. Grant, M. R., was of opinion that the legacies were specific, upon the principle that the testator *assumed* he had at least £10,000 proceeds from the sale to dispose of, and that he portioned them out among the legatees. His honor also considered the testator to mean that F. and G. should take at the least what should remain after payment of the specific legacies, viz., £2,200 (the testator assuming that the proceeds would amount to £10,000, but if to more, then intending them the excess). The determination was that if the lands had produced £10,000 the shares of F. and G. in it would have been £2,200; F. and G. were therefore entitled to so much of that sum as remained, after abating ratably with the other specific legatees."

In Williams on Executors (volume 1, p. 921) it is said:

"Again, where the bequest was 'to my granddaughter the sum of £40, *being part of a debt* due to me for rent from A., she allowing what charges shall be expended in getting the same: Item, I bequeath to my grandsons C. and D. the rest and residue of what is due to me from the said A., which is about £40 more, in equal shares, and they allowing charges as aforesaid'—these were held specific legacies. Ford v. Fleming, 1 Eq. Cas. Abr. 302, pl. 3."

The legacy in the sixth clause is a general legacy. Tifft v. Porter, 8 N. Y. 516; Matter of Werle, 91 Misc. Rep. 402, 155 N. Y. Supp. 262. The assets are applicable to the payment of debts and administration expenses in the following order: First, the unbequeathed personalty as to which the testator died intestate; second, the general legacy contained in the sixth clause of the will; and, last of all, the specific legacies. The expenditure for the burial plot will be approved, and the special guardian's objection to that item overruled.

Let a decree be submitted on notice adjusting the account accordingly and tax costs.