Matter of the Estate of HELEN C. JUILLIARD, Deceased.

(Surrogate's Court, New York County, April, 1918.)

Legacy — payment of — interest on — notice to creditors — executors and administrators — bequests — wills — transfer tax — Code Civ. Pro. § 2688.

Interest on general legacies should run from one year after the date on which letters testamentary were issued to the date of the respective payments of the legacies.

A claim for interest, on general legacies paid after the period of publication of notice to creditors to present claims has expired, will be denied.

Misc.] Surrogate's Court, New York County, April, 1918.

As under section 2688 of the Code of Civil Procedure legacies may be paid after the completion of the publication of notice to creditors no deduction may be made from general legacies paid in full nine months after the issuance of letters testamentary in order that the amount deducted may be added to the residuary estates, on a claim that the residuary legatees have been deprived of income from the date of payment to the expiration of one year after letters testamentary were issued.

A bequest of all the remainder of testatrix's jewelry, wearing apparel, laces, fans, personal ornaments and articles of personal use, to her husband, is a specific legacy.

Executors are not entitled to commissions on unsold real estate over which they have a power of sale to pay legacies.

A provision of the will held to disclose the intention of testatrix that any and all transfer taxes on legacies should be paid from the residuary estate.

PROCEEDINGS for the construction of a will.

Joline, Larkin & Rathbone, for executors.

Charles M. Bleecker, special guardian for infants Rogers and others.

Frank B. Washburn, special guardian for the Cossitt infants.

Winthrop & Stimson, for Lincoln Hospital and Home.

De Forest Brothers, for Metropolitan Museum of Art.

FOWLER, S. The executors herein, to whom letters were issued on June 27, 1916, advertised for the presentation of claims by creditors, and the six months' period of said publication of notice to creditors expired January 5, 1917. On March 20, 1917, general legacies of $5,000 were paid by the executors to three infants represented by Mr. Washburn as special guardian.

It is claimed by him that the said legacies should have drawn interest at the legal rate from January 5, 1917, the date on which the six months' period of publication expired. On the other hand, it is claimed by Mr. Bleecker, special guardian of four other infants, that inasmuch as the executors paid general legacies aggregating $496,766.66 in full on the 30th day of March, 1917, which date was about nine months after the issuance of letters to the executors, that the residuary legatees have been deprived of the income on the amount of such legacies from the date of payment to the expiration of a period of one year after the issuance of letters.

Section 2688 of the Code of Civil Procedure provides: "No legacy shall be paid by an executor * * * before the completion of the publication of notice to creditors if such notice be published, or if none be published, before the expiration of one year from the time of granting letters testamentary."

At common law interest was allowed on specific legacies from the date of testator's death. On general legacies it began only after a year from the testator's death. But in a case where the question arose recently in this court it was held that interest should run from one year after the date on which letters testamentary were issued to the date of the respective payments of the legacies. *Estate of Leslie,* Surr. Decs. 1918, 79, citing *Matter of Brooklyn Trust Co.,* 179 App. Div. 262. I must follow that decision. Therefore the claim for interest on the general legacies paid March 30, 1917, is denied.

I cannot concur in the claim of the special guardian of the infant residuary legatees, that such legatees have been deprived of the income on the amount of the general legacies heretofore paid from the date of payment to the expiration of a period of one year after

the issuance of letters, and that a deduction should be made from such legacies to compensate his infant residuary legatees for income for the three months' period before the expiration of the year from the granting of letters testamentary. The guardian cites in support of his contention *Matter of Bènson,* 96 N. Y. 499–511, and *Williamson* v. *Williamson,* 6 Paige, 298. I think that the decisions in these cases do not apply here, as at the time they were made general legacies were not payable until either a year after the death of the testator or a year after the granting of letters testamentary. Under the present section, 2688, of the Code, legacies may be paid after the completion of the publication of notice to creditors. That was done in this case, and I am of the opinion that no deduction from these legacies should be made in order to be added to the residuary estates. Interest is a very peculiar thing in law. It is primarily *due* only *ex contractu.* In law it is sometimes a penalty, in some cases, for non-payment. There is no absolute right in law to interest. In equity the right to interest on legacies is largely a matter of testator's intention, and in order to determine intention we must often examine a great number of discordant decisions.

The fourth paragraph of the will of the testatrix, after bequeathing a certain pearl necklace to her grandniece, reads as follows: "All the remainder of my jewelry, also my wearing apparel, laces, fans, personal ornaments and articles of personal use, I give and bequeath to my said husband, Augustus D. Juilliard, to be disposed of by him as he shall think best."

It is claimed by the executor that this was a general and not a specific legacy. But one of the general guardians claims that it is a specific legacy, and I am of the opinion that it is a specific legacy. Similar legacies have been declared specific legacies. A bequest

of all the money which may be in a bag, described. *Farnum* v. *Bascom,* 122 Mass. 282, 286.

"All the mill stock remaining in my name after the decease of my wife." *Metcalf* v. *Framingham Parish,* 128 Mass. 370.

A bequest of " all my household goods, cash on hand or in bank, life insurance and all other personal property of every description," was held a specific legacy so far as the household goods, cash and insurance were concerned, although a general legacy as to any other property passing by the bequest. *Kearns* v. *Kearns,* 77 N. J. Eq. 453.

A bequest of " all my books, historical or biographical, of Greece, of Rome." *Mayo* v. *Bland,* 4 Md. Ch. 484. By the second clause of the will of a testatrix she gave and bequeathed " unto my niece, Mrs. Julia Quinn, all the household furniture and personal property of whatsoever kind in my dwelling house known as No. 219 Warren street, in said City of Brooklyn, to her own use forever." The court held that this was a specific legacy. *Matter of Delaney,* 133 App. Div. 409. So a bequest of " all my books and papers of every description." *Perkins* v. *Mathes,* 49 N. H. 107.

A question is raised whether the executors are entitled to commissions on real estate unsold. The testatrix left a number of parcels of real estate, a large part of which is not specifically mentioned in the will, but passes either under the residuary clause or is devised to be sold by the executors to pay legacies. The will contains an express power of sale for the purpose of paying legacies. Until such sale is made the executors are authorized to lease the real estate and collect the rents, keep the buildings insured, in good repair, pay taxes, etc. The executors claim commissions on this unsold real estate, but it is claimed by one of the special guardians that they are not entitled

to such commissions. This real estate is not held in trust, and I do not find any decisions where commissions have been allowed to executors, as such, on unsold real estate. I think that this case is not within the intent and meaning of the provisions of section 2753 of the Code of Civil Procedure, allowing commissions on: '' The value of any real or personal property, and the increment thereof, *received*, distributed or delivered.''

Article 33d of Mrs. Juilliard's will provides as follows: '' I hereby authorize and empower and direct my executors hereinafter named to ascertain the amount of any succession, transfer or inheritance tax upon any of the foregoing legacies amounting to ten thousand dollars ($10,000) or under as soon as practicable after my decease, and to pay the same out of my residuary estate and charge the same as an expense of administration.''

A further question has been raised by one of the special guardians concerning the application of this 33d article of the will to various legacies. The accountant has agreed to arrange in the decree for the refunding to the estate of the tax already paid on certain of these legacies. The only legacies regarding which there is a question made are the following: There was given to the executors and trustees in trust $25,000 for the benefit of James S. Goodman during his life, and to the trustees in trust $25,000 for the benefit of Miss Adelaide Steele, and to the trustees in trust $25,000 for the benefit of Mrs. Sarah L. Van Pelt, for their respective lives. The order assessing a transfer tax fixed the cash value of the interest taxable of James S. Goodman, after deducting the amount of exemption of $1,000, at $9,073; that of the cash value of the interest taxable of Adelaide Steele, after deducting the amount of exemption of $1,000, $9,818; that of

the cash value of the interest taxable of Sarah L. Van Pelt, after deducting the amount of exemption of $1,000, $9,447. It is claimed by the executors that the transfer tax on these legacies should be paid out of the residuary estate for the reason that the legatees are entitled for transfer tax purposes to an exemption of $1,000 each, so that the taxable value of each of such legacies is under $10,000, and therefore, under the 33d article of the will, *supra,* the tax is payable out of the residuary estate.

While the special guardian's contention is not without foundation, the intention of the testatrix was, I think, otherwise, and the tax should be paid out of the residuary estate.

Decreed accordingly.