Matter of the Judicial Settlement of the Account of Proceedings of EDWARD C. EVANS, as Executor of LILLIAN FRANCES REED, Deceased.

(Surrogate's  Court,  Bronx  County,  October, 1918.)

Executors  and  administrators — wills — specific  legacies — commissions not  allowed.

> Where the amount of an executor's commissions depends upon whether certain bequests of corporate stock and other personal property are specific legacies or not, the court before reaching a determination must ascertain the intent of the testatrix as gathered from the whole will.
>
> The bequests in the present case *held* to be specific legacies upon the value of which the court is without power to allow commissions to the executor.

DETERMINATION as to executor's commissions.

41

Surrogate's Court, Bronx County, October, 1918. · [Vol. 104.

John Delahunty, for petitioner.

SCHULTZ, S. Upon the settlement of the decree in this matter, it becomes necessary to fix the amount of the commissions to which the accounting executor is entitled, in order that a provision for their payment may be inserted therein. Section 2753 of the Code of Civil Procedure fixes the manner in which said commissions shall be calculated; and the right thereto depends in part upon the character of the property of the decedent and the manner of its disposition. This in turn involves a construction of the decedent's last will and testament.

After the customary direction to pay funeral expenses, etc., the testatrix provided as follows:

"*Second.* To my brother, Charles C. Reed, I give, devise and bequeath my one-half interest in the Reed burial plot situate in Norwalk Cemetery, Norwalk, Connecticut, and my fifteen (15) shares of the Capital stock of the Pullman Company.

"*Third.* I give and bequeath to my dear Aunt, Margaret L. Curtis, my two stone diamond ring, my pearl pin, and all shares of stock belonging to me, except the fifteen shares of the stock of the Pullman Company hereinabove mentioned, subject, however, to the power of sale hereinafter mentioned."

Then follows a residuary clause by which the testatrix disposes of all her remaining estate, and a clause appointing an executor and directing him to pay transfer taxes and all other expenses connected with the settlement of the estate out of the money which the testatrix may have at the time of her death, or, if there is not sufficient to pay the same, authorizing him to sell such of the securities bequeathed to her aunt, Margaret L. Curtis, as may be necessary for that purpose.

The question involved requires a determination as

Misc.]    Surrogate's  Court, Bronx County, October, 1918.

to whether the testatrix intended by the provisions of paragraph " Third " of her will, in which she disposed of all shares of stock belonging to her except those stated, to create a specific or a general legacy.  If it is a specific legacy, then the executor may not receive commissions thereon (Code Civ. Pro. § 2753; *Schenck* v. *Dart,* 22 N. Y. 420; *Hall* v. *Tryon,* 1 Dem. 296; *Matter of Whipple,* 81 App. Div. 589; *Matter of Lester,* 172 id. 509, 521), whereas, if it is general, commissions should be allowed to him.

Under the authorities the language of the paragraph in question resulted in a specific legacy.   See cases cited in *Matter of Werle,* 91 Misc. Rep. 398; *Matter of Franklin Trust Co.,* 95 id. 71; *Matter of Stoiber,* 103 id. 654; *Matter of Juilliard,* Id. 178.   Before determining such to be the fact, however, the court must examine the whole will to make sure that no contrary intent appears, for it is the intent of the testatrix, as gathered from the whole will, that governs. *Matter of Security Trust Co.,* 221 N. Y. 213.

I can find nothing in this will to indicate an intention on the part of the testatrix other than such as appears from the language of paragraph " Third."   I do not believe that the provision above referred to, authorizing the executor to sell some or all of such securities under the conditions stated, indicates a contrary intent. From the account it appears that it was not necessary for him to apply any of the securities to such a purpose.

While no doubt the executor has rendered services, as urged by him, which are reasonably worth what the commissions on the stock in question would amount to, I am constrained to hold that the legacy was specific, and, being specific, the court has no power to allow the executor commissions thereon.

Decreed accordingly.