In the Matter of the Estate of DELIA BARRY, Deceased.

Surrogate's Court, Bronx County, December 3, 1930.

*Joseph A. Kennedy,* for the petitioner.

*William C. Stone,* for Catherine Barry.

*William Robert Klein,* special guardian.

HENDERSON, S. This is an application for the construction of the will of the decedent upon the final accounting of the executrix. The portion of the will as to which the determination of the court is requested is contained in paragraph " second " which is as follows:

" *Second.* I give and bequeath the following sums respectively to the following legatees:

" To my niece, Mary Catherine Stanley, now residing at 8332 Talbot Place, Kew Gardens, Long Island, New York, the sum of Two thousand ($2,000.00) Dollars.

" To Catherine Stanley, the daughter of my niece Mary Catherine Stanley, the sum of Two thousand (2,000.00) Dollars.

" To Rita Stanley, another daughter of my niece Mary Catherine Stanley, the sum of Five hundred ($500.00) Dollars.

" To Mary Stanley, another daughter of my niece Mary Catherine Stanley, the sum of Five hundred ($500.00) Dollars.

" In the event that any of the foregoing named legatees shall predecease me, then such share or shares shall be equally divided between the survivors of the above-named legatees.

" To the pastor, at the time of my death, of Saint Augustine's Roman Catholic Church, located at 167th Street and Franklin

Avenue, New York City, New York, the sum of One hundred ($100.00) Dollars as an offering for masses to be celebrated for the repose of the souls of Patrick Barry and Delia Barry.

" If there are any monies on deposit to my credit at the time of my death in the Bank for Savings at 280 Fourth Avenue, New York City, New York, or in the Emigrant Industrial Savings Bank, at 51 Chambers Street, New York City, New York, then, out of such monies, I give and bequeath to my nephew, Daniel Falls, now residing at 8332 Talbot Place, Kew Gardens, Long Island, New York, the sum of Two hundred ($200.00) Dollars, and I give and bequeath to my stepdaughter Catherine Barry, any balance remaining out of such monies, after said sum has been paid to my nephew, Daniel Falls, as aforesaid.

" In the event that Catherine Barry or Daniel Falls shall predecease me, then I give and bequeath the share or shares as the deceased would have taken to my stepdaughter Mary Coogan and my stepson Philip Barry to share equally."

The question for determination is whether there is a specific bequest to Catherine Barry or whether the moneys on deposit in the Bank for Savings and the Emigrant Industrial Savings Bank may be used for the general legacies also conferred in paragraph " second."

All the persons named as beneficiaries under the will were related to the decedent by blood or by marriage. Mary Catherine Stanley and Daniel Falls were niece and nephew. Catherine, Rita and Mary Stanley were grandnieces. Catherine and Philip Barry and Mary Coogan were stepchildren. Besides jewelry, a coat and household furniture specifically bequeathed, the estate consisted of three savings bank accounts. There was an aggregate of over $7,000 in the two savings banks mentioned in paragraph " second." In addition there was about $150 in the Greenwich Savings Bank. The administration expenses are in excess of the amount on deposit in the third bank account.

A specific legacy is a bequest of a specified part of a testator's personal estate distinguished from all others of the same kind. It may be distinguished by its description or by describing its particular location. (*Matter of Delaney*, 133 App. Div. 409.)

The language used in the bequest to Catherine Barry directs that a specified part of decedent's personal estate, which is distinguished from the other moneys of the estate by describing its particular location shall be paid to her after deducting $200. The wording of this bequest is very similar to that in the will construed in *Matter of Werle* (91 Misc. 398), where the following words were used: " *Second.* I give and bequeath to my niece, Miss Eliza W.

Oliver of Lincoln, Nebraska, any money remaining to my credit in the Bank for Savings in the City of New York, * * *." The court construed that to be a specific bequest.

It is urged that in construing the will, the court should determine the intent of the testatrix when executing the will. If it were proper to consider evidence outside the will where there is no ambiguity in the will itself, such a consideration would lead me to the conclusion that it was the intention of the testatrix to give the funds in question to Catherine Barry to the exclusion of the executrix. It appears that prior to making the will, the testatrix converted an account which she had in the Bowery Savings Bank into an account in trust for the executrix. At the time of converting the account it approximated $5,100. It will be noted that the will makes a complete disposition of $5,100 and then takes up the matter of the money in the Bank for Savings and the Emigrant Industrial Savings Bank and makes a complete disposition of it. She apparently was creating two funds. In one the bulk went to her blood relatives, and in the other the bulk went to her relatives by marriage. It may be that the testatrix feared that the executrix might not receive the money in trust for her, and that it might become part of the decedent's estate. Her method of taking care of such a contingency was to direct payment of this money to the executrix and the children by her will. The executrix did receive the sum of $5,754.55 including interest, the amount of the account in the Bowery Savings Bank held in trust for her by the decedent. I hold that the bequest to Catherine Barry is a specific legacy and no part of it goes to the general legatees.

Settle decision and decree accordingly.