In the Matter of the Estate of MARION H. RAE, Deceased.

Surrogate's Court, Kings County, June 16, 1931.

*Rumsey & Morgan,* for the petitioner.

*Brown & Falkinburg,* for Roger A. Fuller, general guardian of Jean H. Fuller, Betty A. Fuller, Helen M. Fuller and William H. Fuller, infants under the age of fourteen years, parties in interest.

*Gross & Keck,* for George Halbert, a party in interest.

WINGATE, S. Several questions of preference and abatement of legacies have been presented for determination on this executorial accounting.

The will makes gifts of $50,000 and contains a residuary clause. By the " second " item $30,000 is given in trust for the life of a nephew, George Halbert, with remainder on his death to the children of a niece, Helen Halbert Fuller. The "fourth" item gives general legacies of varying amounts, aggregating $19,000, to six named legatees, and the "fifth" bequeaths $1,000 to Greenwood Cemetery for upkeep of testator's burial plot.

It is primary that the mere order of inclusion of benefits in a will has no bearing on the determination of questions of abatement. (*Matter of Smallman,* 138 Misc. 889, 895, 896.)

The legacy to Greenwood Cemetery for upkeep of testator's burial plot is entitled to a preference as a funeral expense. (*Matter of Smallman, supra,* 893.)

The evidence respecting testator's statements of his alleged feeling that George Halbert should have a larger income was of doubtful admissibility, since it goes far beyond the usual limitation of a demonstration of the *circumstances* surrounding testator at the time of the execution of the will. (*Matter of Smallman, supra,* 896; *Matter of Patterson,* 139 Misc. 872, 875; *Matter of Shumway,* 138 id. 429, 432; *Matter of Gurlitz,* 134 id. 160, 162.) Even if it were to remain in the record, it falls far short of showing an intended preference, since it amounts only to a statement that testator deemed the legatee a proper object of bounty, which his testamentary act demonstrates his mental attitude toward all other legatees to have been.

It is presumed that testator's will was honestly drawn and that he expected that all legacies would be paid in full. (*Matter of Smallman, supra,* 897.) The question of the alleged preference, therefore, resolves itself solely into one of the presumed intention of the testator from the relationship of the parties. The claimant was a nephew. The record is bare of any demonstration that testator ever contributed to the nephew's support or that the

latter is dependent upon the trust set up for him for his maintenance. As this court said in *Matter of Smallman* (*supra*, 910): " The general tendency of authority appears to be to grant a preference to a legacy to any person closely connected with the testator by blood or association provided dependency can be demonstrated, but to hold such dependency upon the testamentary benefit as an absolute prerequisite."

In the case at bar neither the closeness of the relationship nor the dependency upon the testamentary benefit have been demonstrated and the preference must, therefore, be denied.

The method of distribution of the estate should be to deduct all unpaid administration expenses of the estate including those of this accounting to pay the legacy under the " fifth " item in full, and then to divide the remainder *pro rata* among the beneficiaries in the second and fourth items, the former payment being, of course, in trust. The remainder of the trust under item " second " becomes a specific bequest of the sum to which the corpus is reduced by the *pro rata* abatement. (*Matter of Smallman, supra*, 913–916.)

The questions respecting the possibility of delivery in kind are to be solved in accordance with the provisions of section 268 of the Surrogate's Court Act.

Proceed accordingly.