In the Matter of the Estate of MINNIE BAKER, Also Known as MINNIE STEREN, Deceased.

Surrogate's Court, Kings County, February 9, 1933.

*Nathan Hendon*, for the petitioner.

*Frank J. Irving*, special guardian.

WINGATE, S. It is perhaps inevitable, but none the less regrettable, that the extremely specialized nature of surrogate's law and practice is so marked that the average member of the bar is

unfamiliar with many of its basic principles. The natural result of this peculiarity is that questions are litigated, the governing rules of which have been clearly and uniformly determined for generations. The present proceeding is illustrative of this condition.

The testatrix, in item seventh of the will at bar, bequeathed to her sister " in trust the sum of $750 said sum to be withdrawn from my savings account now on deposit at the Flatbush Savings Bank in the Borough of Brooklyn " for certain particularly specified purposes. The succeeding item of the will read:

" *Eighth.* I give, devise and bequeath the balance of the said money now on deposit in the Flatbush Savings Bank in the Borough of Brooklyn, City and State of New York in my maiden name Minnie Steren, or any other moneys on deposit in any other bank in my name as depositor at the time of my decease as follows: " one-third absolutely to each of two named children, and the remaining third to another child on the condition that he shall have completed his study of a profession and have opened an office, in default of which it shall be divided among the two prior-named children.

The sole controversy in the case concerns the right of the executor to commissions on the bequest given by this " eighth " item. This involves the determination of whether the gifts made therein constitute general or specific legacies. If they be the latter, he is obviously entitled to no commissions on their subject-matter (Surr. Ct. Act, § 285; *Matter of Anable,* 139 Misc. 914, 916, and cases cited; *Matter of Evans,* 104 id. 641, 643); if general or demonstrative, he is.

The contention of the executor, in brief, is that " It is evident that the intention [of the statute] was to limit the right of commissions, not to bequests of money but rather to bequests of specific chattels and property."

Whereas this result may appear obvious to the fiduciary, he cites not even a single authority to indicate that his thesis has proved equally pellucid to any court. His first error is in the supposition that a gift of the whole or a portion of a bank account is a gift of money. It is not. In the ordinary case, a deposit of money in a bank raises merely the relation of debtor and creditor between the depositor and the depositary. (*Matter of Kruger,* 139 Misc. 907, 910, and cases cited; *Matter of Egan,* 258 N. Y. 334, 339.) " The money deposited with the bank belongs to the bank and is not the property of the depositor. The property of the depositor is the indebtedness of the bank to it." (*Matter of Delaney,* 256 N. Y. 315, 319.) In other words, all that belongs to the depositor after the money is surrendered to the bank is " a chose in action "

(*Matter of Delaney*, 256 N. Y. 315, 320) which differs in no particular from any other chose in action which he possesses.

The nature of the property given is, however, in no wise material in the inquiry of whether the gift is specific or otherwise. The sole question in that connection relates to the manner in which it is given. This is obviously determinable from the language inserted in the will.

" A legacy is general, when it is so given as not to amount to a particular thing or money of the testator distinguished from all others of the same kind. It is specific, when it is a bequest of a specified part of testator's personal estate which is so distinguished." (*Tifft* v. *Porter*, 8 N. Y. 516, 518; *Matter of Liell*, 139 Misc. 513, 515; *Matter of Terwilligar*, 142 id. 249, 254.)

" The inquiry, in the last analysis, must always be whether the direction of the testator can or cannot be fully satisfied by a payment out of the general funds of the estate or whether its solution is directed by the surrender of all or a part of a specified or distinguished thing or fund. In the former case it may be general or demonstrative, in the latter it is inevitably specific." (*Matter of Smallman*, 138 Misc. 889, 903.)

The inquiry, in every case, therefore, resolves itself merely into an examination of the language used in the will. The sole question for determination is whether the fair import of that language is to give the whole or a part of a certain distinguished asset. Such differentiation may obviously be made in any one of a number of ways. It may be by specific description, as a specified sum from a described bank account (*Crawford* v. *McCarthy*, 159 N. Y. 514; *Matter of Barry*, 138 Misc. 519, 520; *Matter of Corey*, 133 id. 199, 200; *Matter of Grinnell*, FOLEY, S., 115 id. 722, 723; *Larkin* v. *Salmon*, 3 Dem. 270, 272), an identified debt (*Matter of Klatte*, FOLEY, S., 92 Misc. 651; *Davis* v. *Crandall*, 101 N. Y. 311, 319), a certain note (*Matter of Brett*, 57 Hun, 400, 403), a particular policy of insurance (*Leonard* v. *Harney*, 173 N. Y. 352, 355; *Platt* v. *Moore*, 1 Dem. 191, 193), an identified mortgage (*Matter of Robinson*, 37 Misc. 336, 337; *Abernethy* v. *Catlin*, 2 Dem. 341; *Matter of Solomon*, 165 App. Div. 276, 278; *Gardner* v. *Printup*, 2 Barb. 83, 85), or specified jewelry (*Matter of Juilliard*, 103 Misc. 178, 181), or other property (*Matter of Hall*, 144 id. 264, 266). It may likewise be identified by reference to a particular location, as the contents of testator's safe deposit box (*Matter of Thompson*, 217 N. Y. 111, 115), or the personal property in his house (*Matter of Deming*, 106 Misc. 133, 135; *Matter of Delaney*, 133 App. Div. 409; affd., 196 N. Y. 530). Finally, and complementary to the foregoing, it may be a gift of all or a designated portion of all property of a

certain kind which the testator possesses, as "All money I die possessed of, in several banks and bonds" (*Matter of Beckett*, 15 N. Y. St. Repr. 716, 717); all of testator's bank accounts (*Matter of Schulman*, 136 Misc. 169); "all shares of stock belonging to me" (*Matter of Evans*, 104 Misc. 641, 643); all cash to my credit in savings banks (*Matter of Schrier*, 145 Misc. 593, 596); "all amounts of insurance upon my life" (*Matter of Tailer*, 147 App. Div. 741, 746; affd., 205 N. Y. 599); or half of testator's "moneys and securities" (*Hamilton* v. *Hamilton*, 75 Misc. 21, 22). It is also established that if the property in question is sufficiently identified in like manner, the bequest remains specific though there be coupled with it a direction for its sale and payment of the proceeds to the legatee. (*Matter of Matthews*, 122 App. Div. 605, 607.)

In all these cases, if the particular fund or thing which has been given in whole or in part is not in existence at the death of the testator, the gift will abate, and the legatee will take nothing.

The opposite extreme is found in a general legacy, where "the gift is simply of so much money. It is not of any particular (designated) sum, or even out of any described fund. Any money of the estate would discharge it." (*Bliven* v. *Seymour*, 88 N. Y. 469, 475.)

Between these two varieties of gifts, and partaking of the nature of both, is the much-misunderstood demonstrative legacy. To fall into this classification, the bequest must in the first place be a true general legacy which may, consistently with the testamentary direction, be paid from any moneys of the estate, and it must, in addition, be *charged* upon some designated asset of the estate which is identified with the same particularity required in the case of a specific legacy as hereinbefore noted.

Thus a gift to A of $1,500 out of the sums belonging to testator on deposit in the name of B, is a specific and not a demonstrative legacy, since "it will be observed that there is no general bequest of the sum of $1,500, but that his right thereto rests solely in the direction * * * to pay him that sum and that payment is to be made out of the particular fund designated." (*Crawford* v. *McCarthy*, 159 N. Y. 514, 519.)

On the other hand, a general gift of a given sum of money followed by a direction that specified realty be sold in order to make payment (*Matter of Broderick*, 163 App. Div. 91), or general gifts to A and B followed by a direction that their amount be paid from the sums owed by C (*Newton* v. *Stanley*, 28 N. Y. 61), are demonstrative legacies. The distinction is clearly indicated in the last cited case at page 65 as follows:

"They are not bequests of the mortgage, nor of the debt secured

thereby, or of any portion thereof. The testator bequeaths to them two several sums of money absolutely; and the subsequent provision for their payment is *demonstrative* only. They are general legacies, the testator pointing out the fund to satisfy them, and are not bequests of a specific debt."

" The true rule would seem to be that to constitute a demonstrative legacy it must be a general gift solvable from any property of the estate, but charged on a particular asset belonging to the testator or upon the proceeds of the sale of some such article or piece of property. If it is an express gift of the whole or a portion of a segregated item or portion of the estate, it is not a demonstrative, but a specific gift." (*Matter of Smallman*, 138 Misc. 889, 903.)

Substantially the same thought is expressed in Surrogate FEELEY's opinion in *Matter of Strasenburgh* (136 Misc. 91, at p. 93): " If the legacy be given with reference to a particular fund only as pointing out a *convenient* mode of payment, it is considered demonstrative, and the legatee will not be disappointed though the fund totally fail, but will receive the legacy out of the general assets. If, however, the gift is of the fund itself, in whole or in part, or so charged upon the object made subject to it, as to show an intent to burden that object alone with payment, it is deemed specific, and consequently liable to be adeemed by the alienation or destruction of the object."

Applying these principles to the " eighth " item of the will at bar, the first gift thereby given is the " balance " of testatrix's account in the Flatbush Savings Bank after deducting the sum of $750 given therefrom in the preceding item. This is clearly a gift of a portion of a designated fund. The second gift is of all other bank accounts of the deceased. This is also a clear and specific designation of a particular part of testatrix's estate under the rules and authorities hereinbefore discussed. It follows, therefore, that no commissions are payable to the executor thereon.

Proceed accordingly.