## In the Matter of the Estate of IRENE T. ARMSTRONG, Deceased.

Surrogate's Court, Kings County, October 20, 1936.

*Herman W. Block*, for Andrew W. Schulz, as executor, petitioner.

*Goodson & Potts*, for Anne R. Armstrong, as administratrix of John Milton Armstrong, deceased son of decedent (life tenant in will), objectant, respondent.

*Harvey O. Dobson*, for The Baptist Home of Brooklyn, one of the residuary legatees.

*John Gold*, for The Samaritan Hospital, Inc., one of the residuary legatees.

*Robert S. Fleckles*, for The Brooklyn Welcome Home for Girls, Inc., one of the residuary legatees.

*Gray & Tomlin*, for The Brooklyn Home for Blind, Crippled and Defective Children, one of the residuary legatees.

WINGATE, S.  *Matter of Sloat* (141 Misc. 710), upon which the objectant relies, was a correct statement of the law controlling the devolution of the estate of the particular decedent there in question, who died on May 9, 1925, but the applicability of the decision is expressly limited therein to " section 17 of the Decedent Estate Law, *as existing prior to the enactment of section 3 of chapter 229 of the Laws of 1929* " (p. 711). (Italics not original.)  The present decedent died on May 19, 1934.

By the amendment referred to it was provided that " the validity of a devise or bequest for more than such one-half may be contested only by a surviving husband, wife, child, descendant or parent."  The present objector is the administratrix of a son of the testatrix.  The son did not question the amount of the charitable gifts, and it must accordingly be determined that all rights in that regard died with him.

The purpose of the amendment of 1929 is clearly stated in the note of the Commission, submitted to the Legislature at the time of the introduction of the bill.  This was that " only those whose survivorship furnishes the ground for an objection to the will shall have the right to object." (Legis. Doc. 1930, No. 69, p. 113.)  Its object was to cure the anomalous situation previously existing which permitted any one who would benefit by a declaration of invalidity, to invoke the law which was designed solely for the protection of persons bearing a stated close relationship to the decedent, in spite of the fact that the individuals intended to be protected had evinced a preference for the complete validation of the expression of the testamentary wish.

The precise question here in issue does not appear to have been made the subject of direct adjudication but all of the relevant dicta indicate a judicial purpose to give to the enactment the precise effect stated in the text and to confine the right of contest " to the class for whose protection the statutory limitation of testamentary power was imposed."  (*Matter of Hills*, 264 N. Y. 349, 354.  See, also, *Matter of Sonderling*, SLATER, S., 157 Misc. 231, 234; *Matter of Kaufman*, DELEHANTY, S., 158 id. 102, 106; *Matter of Apple*, FOLEY, S., 141 id. 380, 383.)

The practical effect of section 17 of the Decedent Estate Law, as amended, is, therefore, to give the specified relatives of the testator a personal right of election to have the testamentary gift to charity invalidated as to any portion exceeding one-half of the estate.  This right being given only to the particular named individuals, must be deemed to die with them in the same manner that a right to elect to take dower in lieu of testamentary pro-

visions dies with the widow (*Flynn* v. *McDermott*, 183 N. Y. 62, 65, 66; *Youngs* v. *Goodman*, 240 id. 470, 473; *Camardella* v. *Schwartz*, 126 App. Div. 334, 336; *Matter of Brown*, 212 id. 677, 679), or the right of a surviving spouse to elect to take against the terms of a will under section 18 of the Decedent Estate Law terminates on his death. (*Matter of Mihlman*, 140 Misc. 535, 538; *Matter of Zweig*, 145 id. 839, 859; *Matter of Coffin*, 152 id. 619, 621.)

The remaining question in the proceeding raises an interesting and somewhat unusual problem of testamentary construction, the solution of which requires the inclusion of a brief outline of the will.

The dispositive directions are contained in ten numbered items, the first eight of which make specific bequests of indicated objects of the decedent's jewelry and personal belongings. The succeeding direction provides for the sale of the remaining jewelry and the addition of its proceeds to the residuary estate.

The eleventh item erects a trust of the residuary estate, measured by the life of the wife of testatrix's son, with income payable to him during their joint lives. In the event of the predecease by the wife of the son, the corpus is payable to him absolutely. In the event that the son is the first to die, which contingency has eventuated, the testatrix provides: " I give, devise and bequeath the rest, residue and remainder of this trust as follows:

" 1. One thousand Dollars ($1,000) thereof, I give, devise and bequeath to Mrs. F. M. Lane of Altadore, Glengary Co., Dublin, Ireland."

Then follow four additional numbered subparagraphs, each of which gives $500 " thereof " to named individuals, succeeded by a sixth numbered subdivision which provides that " all the rest, residue and remainder thereof " shall " be divided among " six named charities.

The Mrs. Lane named in the first subparagraph predeceased the testatrix, and the contested issue concerns the manner of devolution of the $1,000 gift made to her. The opposing contentions of the litigants are, *first*, that the gift, being of a part of the residue, passes as intestate property by reason of the application of the usual rule that upon the predecease by a residuary legatee to whom a specified part is given this result will follow (*Morton* v. *Woodbury*, 153 N. Y. 243, 256; *Matter of Lyons*, 154 Misc. 368, 371; affd., 271 N. Y. 204; *Matter of Green*, 160 Misc. 490); and, *second*, that the lapsed gift passes to the charities who are given the " remainder thereof " under the sixth subparagraph of the item.

The court agrees with the former contention but not for the reasons urged. The nature of remainder gifts of all or a part

of the corpus of a trust was considered at some length in *Matter of Smallman* (138 Misc. 889, 915, 916). As noted " they are express gifts of the whole or parts of separate and distinct things, namely, the remainders of the funds which the respective testators direct to be segregated from their estates as a whole, for the primary benefit of the life tenants." It is elementary that " a specific legacy is a bequest of a specified part of a testator's personal estate distinguished from all others of the same kind." (*Crawford* v. *McCarthy*, 159 N. Y. 514, 519; *Tifft* v. *Porter*, 8 id. 516, 518; *Matter of Smallman*, 138 Misc. 889, 897, 898, 903; *Matter of Freeman*, 139 id. 301, 302, 304; *Matter of Anable*, Id. 914, 917; *Matter of Baker*, 146 id. 437, 439.) In the case last cited the court had occasion to review a considerable number of descriptive designations which had been determined sufficient to constitute the gifts specific, prominent among which, of present pertinence, were *Crawford* v. *McCarthy* (159 N. Y. 514); *Matter of Barry* (138 Misc. 519, 520); *Matter of Corey* (133 id. 199, 200); *Matter of Grinnell* (115 id. 722, 723) and *Larkin* v. *Salmon* (3 Dem. 270, 272) which held that a gift of a specified sum from a described bank account effected a specific gift.

The test in this connection, however, is not the nature of the object or fund from which the gift is made, but whether or not the solution of the bequest is directed from a fund or thing which is unique and can be accomplished only by the delivery of or payment over of a part or the whole of a clearly identified fund or thing. (*Davis* v. *Crandall*, 101 N. Y. 311, 319; *Leonard* v. *Harney*, 173 id. 352, 355; *Matter of Tailer*, 147 App. Div. 741, 746; affd., 205 N. Y. 599; *Matter of Solomon*, 165 App. Div. 276, 278; *Matter of Klatte*, 92 Misc. 651; *Matter of Brett*, 57 Hun, 400, 403; *Platt* v. *Moore*, 1 Dem. 191, 193; *Matter of Juilliard*, 103 Misc. 178, 181; *Matter of Hall*, 144 id. 264, 266; *Matter of Beckett*, 15 N. Y. St. Repr. 716, 717; *Matter of Schulman*, 136 Misc. 169; *Matter of Evans*, 104 id. 641, 643; *Matter of Schrier*, 145 id. 593, 596; *Hamilton* v. *Hamilton*, 75 id. 21, 22.)

Certainly the corpus of an identified trust is a specified and identified fund which is clearly distinguished from all other property in the world, wherefore, it must follow that a gift of the whole or a part thereof complies with all of the elements of a specific bequest. (*Matter of Rae*, 140 Misc. 530, 532; *Matter of Smallman*, 141 id. 796, 804; *Matter of Terwilligar*, 142 id. 249, 254.)

The result, in the case at bar, is that each of the six gifts in the numbered subparagraphs of item eleventh of the will is a specific gift. The first is of $1,000, a distinguished part of this separate and particularly identified fund; the succeeding four are

likewise each of $500 parts of the same earmarked fund, and the last, to the charities is of " X " dollars, being the total of the identified fund less the $3,000 thereof previously specifically given.

In this aspect the situation is identical with that present in *Matter of Bell* (141 Misc. 720, 723) where the testator gave to C., who predeceased him, his " graflex camera," and bequeathed all of his " other personal effects " to T. and M., who claimed the camera but did not receive it for the reason that both gifts were specific and mutually exclusive. Here Mrs. Lane was given a specific part, namely, $1,000, of this identified fund, just as in *Crawford* v. *McCarthy* (159 N. Y. 514) William J. Crawford was given $1,500 of testatrix's moneys in the hands of his sister Isabella. The beneficiaries named in the remaining subdivisions of the item were given collectively the balance of the same fund, with the result that mutual exclusion of the subject-matter of the respective gifts is again present. (Cf. *Matter of Gomez*, 160 Misc. 503.)

It follows, therefore, that since Mrs. Lane's $1,000 was expressly excluded from the gift to the charities, they are not entitled to receive it, and since the bequest lapsed by reason of her predecease of the testatrix and was not otherwise made the subject of valid disposition, it must pass in intestacy.

Enter decree on notice in conformity herewith.