Maximilian Moss, S.
As an incident to the executors’ accounting the court is required to construe article “ Fourth ” of the will to determine the disposition of the proceeds of a policy of insurance issued, under National Service Life Insurance Act (U. S. Code, tit. 38, §§ 801-823), to the husband of testatrix, and the dividends and interest accrued thereon at the testatrix’ death; and to fix the attorney’s fee pursuant to section 285 of the Surrogate’s Court Act.
*758 By the fourth paragraph of her will, the testatrix bequeathed the “unexpended balance” of a described National Servicemen’s policy to a niece of her deceased husband, the insured, and in the event the niece predeceased her, the said proceeds were to constitute a part of her residuary estate. The testatrix was the primary or principal beneficiary under said policy, and the insured’s mother was the contingent beneficiary thereof. The testatrix survived the insured, who died on November 20, 1947, and received the insurance benefits in equal monthly installments until her death. The testatrix died before she received all the benefits to which she would have been entitled. The secondary or contingent beneficiary predeceased the insured.
Subdivision (u) of section 802 of title 38 of the U. S. Code provides that when “ a designated beneficiary not entitled to a lump-sum settlement survives the insured, and dies before receiving all the benefits due and payable, the commuted value of the remaining unpaid insurance (whether accrued or not) shall be paid in one sum to the estate of the insured ”. The said benefits, together with interest, totalling $3,258.50, were accordingly paid to the administrators of the insured’s estate, he having died intestate.
The insured’s distributees were his father and widow, the testatrix herein, and as the insured’s estate consisted solely of the proceeds of said policy and it being less than the sum of $5,000 the testatrix was entitled to the whole of it (Decedent Estate Law, § 83, subd. 3). The petitioners paid the net proceeds, after administration expenses in the insured’s estate, to themselves as executors herein. The residuary legatees urge that these proceeds fall into the residuary estate. The gift provided by the said paragraph was not of a “ policy ” but the “unexpended balance ” derived therefrom, which is readily identifiable as a specified part of testatrix estate and is therefore a specific legacy (Crawford v. McCarthy, 159 N. Y. 514, 519). Carole June Duffy, the legatee of said fund, is therefore entitled to the net proceeds which have come into the hands of the executors hereunder.
The fee of the attorney will be allowed in the requested amount to include all services necessary to effect distribution. Settle decree on notice.