In re KATHAN'S ESTATE.

(Surrogate's Court, New York County. May 11, 1915.)

1. WILLS ☞753—SPECIFIC BEQUESTS.

Bequests of a certain clustered diamond ring and an interest in remainder in a certain tablecloth and of a certain diamond chain are specific.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1939–1944; Dec. Dig. ☞753.]

2. WILLS ☞858—CONSTRUCTION—RESIDUARY CLAUSE.

Testatrix bequeathed her remaining jewelry to persons named, and in an order prescribed, first, to her husband any piece of her remaining jewelry which he might select, he to have first choice, and to A. of any remaining piece of jewelry, she to have second choice, and to M. any remaining piece of jewelry, she to have eleventh choice, and the remainder to her executors, with a request to divide the same. By codicil she revoked the legacy to A. Held, that the residuary clause referred to whatever jewelry remained after the several legatees had made their choice, and a legacy revoked by codicil did not pass under the residuary clause.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2173–2183; Dec. Dig. ☞858.]

3. WILLS ☞858—CONSTRUCTION—LAPSED OR REVOKED BEQUESTS.

A will which designates a legatee as sole legatee, and which declares that, should any of the gifts lapse or fail for any reason, the bequest so lapsing or failing shall become a part of the residuary estate and be disposed of under the clause providing for a residuary legatee, passes to the residuary legatee bequests which lapse or which are revoked by codicil.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2173–2183; Dec. Dig. ☞858.]

4. WILLS ☞565—CONSTRUCTION—PROPERTY BEQUEATHED—"ALL FURNITURE."

The words "all furniture," in a will whereby testatrix gave to her trustees "all furniture, pictures, except family portraits and certain furniture hereinafter mentioned, contained" in her residence, include rugs, draperies, and furnishings in the residence.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1233–1238; Dec. Dig. ☞565.]

Proceeding under Code Civ. Proc. § 2615, for the construction of the will of Sarah W. Kathan, deceased. Decree ordered.

See, also, 141 N. Y. Supp. 705.

Cadwalader, Wickersham & Taft, of New York City (Francis Smyth, of New York City, of counsel), for Henry W. Butler.

Bergen & Prendergast, of New York City (James W. Prendergast, of New York City; of counsel), for Herbert L. Smith, executor under will of Sarah Kathan.

Thomas A. McGrath, of New York City, for Earle Scott, executor under will of Sarah Kathan.

Greene, Hurd & Stowell, of New York City, for Mary Burnett Hurd.

Egerton L. Winthrop, Jr., of New York City, special guardian, for infant Therese Quanz et al.

FOWLER, S. This is a proceeding under section 2615, C. C. P., to construe the will of testatrix, which was admitted to probate by this

court on June 7, 1913. Letters testatmentary were granted to the petitioners, who have paid over and delivered all the legacies bequeathed under said will, excepting those as to which questions have arisen, due to the presence in the will of certain provisions which it is alleged are doubtful in meaning and admit of two or more constructions.

At the time testatrix's will was offered for probate, the proponents propounded several torn sheets of paper, purporting to be a codicil to said last will and testament. The probate of the alleged codicil was contested. After a hearing, the will was admitted to probate, and probate of the codicil refused. 141 N. Y. Supp. 705. Accordingly the decree entered admitting the will to probate provided that, although the codicil had been revoked by the testatrix animo revocandi, it was genuine and had been duly executed. The codicil was given effect in so far as it revoked certain provisions in the will, and. the will so modified was admitted to probate.

The questions which occasion this application for construction relate to the second, third, fourth, and fifth paragraphs of the will of testatrix.

[1] Under paragraph 3 of the will there was bequeathed to Adele Sibley Cootes a certain clustered diamond ring and an interest in remainder in a certain tablecloth; to Adele Sibley Cootes and Alice Sibley Whann a certain long diamond chain. These legacies were specific legacies (Crawford v. McCarthy, 159 N. Y. 514, 519, 54 N. E. 277), and were all revoked by the codicil.

[2] After making the several specific bequests in the initial clauses of paragraph 3, as indicated, testatrix adds in a separate clause in the same paragraph the following:

"I give and bequeath my remaining jewelry to the persons hereinafter in this clause of my will named and in the following order, viz:

"(1) To my husband, Reid A. Kathan, any one piece of my remaining jewelry which he may select, he to have the first choice. * * *

"(11) To Margarete A. Finch any one remaining piece of my jewelry, she to have eleventh choice."

The codicil also revoked a legacy to Alice Sibley Whann of "any one remaining piece of my jewelry, she to have second choice."

In the closing clause of the third paragraph of the will testatrix added a residuary clause, as follows:

"All the rest, residue and remainder of my jewelry and other articles of personal use and adornment, together with my silverware, I give and bequeath to my executors hereinafter named, with the request that they shall give and divide the same to and among such of my friends as they may select and see fit to bestow the same upon."

This residuary clause, I find, refers solely to whatever jewelry remained after the payment of the specific legacies and the several legatees had made their choice from the "remaining jewelry." The restricted residuary clause is limited, as indicated, and is not capable to pass the legacies which have failed because of the revocation of the codicil. King v. Woodhull, 3 Edw. Ch. 83; Kerr v. Dougherty, 79 N. Y. 327, 345.

[3] The fifth paragraph provides as follows:

"Fifth. Should any of the gifts and bequests made by me in the first, second and third paragraphs of this my will lapse or fail for any reason, I direct

that the bequest so lapsing or failing shall go to and form part of my residuary estate and be disposed of under and in accordance with the provisions of the fourth paragraph of this my will."

The fourth paragraph of the will makes Henry W. Butler the sole residuary legatee.

The fifth paragraph of the will is definite in its provisions, and was expressly intended by testatrix to intercept from intestacy any legacy or bequest which would have lapsed or failed for any reason. The specific legacies revoked by the codicil pass, therefore, to Henry W. Butler, under the fifth paragraph of the will; the purport and intent of testatrix being to substitute Mr. Butler as the legatee in each instance of failure or lapse.

[4] Another question concerns the significance of the term "furniture" in paragraph 2 of the will. Paragraph 2 reads in part as follows:

"I give, devise and bequeath to my trustees hereinafter named * * * also all furniture, pictures, except family portraits and certain furniture hereinafter mentioned, contained in my residence in New York City."

Testatrix left certain rugs, draperies, and furnishings in the apartment which she occupied at the time of her death. These chattels were not specifically disposed of by her will. It is to be noticed that the disposition of the household furniture contained in the country house at Oyster Bay and disposed of by the first paragraph of the will plainly segregates that particular property from the rest of the personal property of the testatrix, and this whether the same is of like character or otherwise.

The question here is whether the term "all furniture" includes the rugs, draperies, and furnishings of testatrix's apartment in New York City. The disposition of testatrix's furniture under paragraph 2 is general and comprehends whatever is classed as furniture. The authorities tend to attach a broad meaning to this term so as to include in a general bequest of furniture, such as this, all that goes to furnish an abode. By the term "household furniture" all personal chattels are included which contribute to the use or convenience of the householder and to the ornament of the house, as plate, linen, china, both useful and ornamental, and pictures. Kelly v. Powlett, Ambl. 605; Bunn v. Winthrop, 1 John. Ch. 329. Generally, a bequest of "furniture" means the same as one of "household furniture." "Houshold property" in testator's house has been held to include the fuel in a house and a gun which might be used for defense. Matter of Frazer, 92 N. Y. 239. I will hold, therefore, that the term "all furniture," in the second paragraph of the will, comprehends and includes the rugs, draperies, and furnishings contained in testatrix's apartment and pass to the executors as trustees.

In the third paragraph of the will testatrix bequeathed a gold purse and aqua-marine chain to Mrs. Carlie W. Sibley, who predeceased her. The question of the disposition of these lapsed legacies was not propounded by the petition, but counsel have intimated a willingness that the surrogate pass upon the disposition of these two bequests.

Without saying more, I think that in view of my opinion, already expressed, that these lapsed legacies pass under paragraph 5 of the will to Mr. Butler. Settle decree accordingly.