Matter of the Application for a Construction of the Will of MEDORA FRANCES LEWIS DEMING, Otherwise Known as DORA F. LEWIS, Deceased.

(Surrogate's Court, New York County, January, 1919.)

Wills — construction of — lapsed legacies — intestacy — substituted next of kin—Decedent Estate Law, § 98(16).

Where testatrix, whose estate consisted solely of personal property which came to her from her husband, left her surviving no next of kin of her own, the surviving next of kin of her husband under section 98(16) of the Decedent Estate Law are to be taken as her next of kin.

After a bequest of $10,000 to Kate O'Brien, a servant, with direction that any transfer or other tax thereon should be paid out of the residuary estate, the second paragraph of the will provided: "I also give and bequeath to said Kate O'Brien all the furniture, rugs, pictures and other contents of my home of which I may die possessed" except certain articles thereinafter specifically bequeathed. A later paragraph of the will contained a general residuary clause sufficiently comprehensive to embrace lapsed legacies. Upon an application for the construction of the will because certain specific residuary legatees had predeceased testatrix, no evidence was offered to show that the articles in dispute were in the home of the testatrix at the time of her death. Held, that said articles did not pass under the second clause of the will but became part of the residuary estate, and that the shares of the residuary legatees who predeceased the testatrix having lapsed should be distributed among her substituted next of kin, as in case of intestacy.

APPLICATION for the construction of a will.

Shaw, Fisk & Shaw, for executrix.

Lee & Dowling, for residuary legatees.

FOWLER, S. I may notice that the petition contains no allegation that all persons are of full age and all are of sound mind. This should be corrected.

Surrogate's Court, New York County, January, 1919.   [Vol. 106.

The construction of paragraphs second and seventh of the will is asked in this proceeding.  Testatrix died without leaving her surviving any heirs at law or next of kin.  The estate is personal property and came to her from her husband.  At the time of the death of testatrix her husband's sister, nephews, nieces and grandnieces were surviving and were, within the meaning of section 98, subdivision 16, Decedent Estate Law, the substituted next of kin of testatrix.

Paragraph second of the will *sub judice* reads as follows:  " I give and bequeath to my faithful servant, Kate O'Brien, should she survive me, the sum of ten thousand dollars, it being my desire that said sum of ten thousand dollars be paid to said Kate O'Brien in full, and that any transfer, inheritance or other tax which may be imposed by law upon said bequest shall be paid by my executors hereinafter named out of the residue of my estate.

" I also give and bequeath to said Kate O'Brien all the furniture, rugs, pictures and other contents of my home of which I may die possessed (except as hereinafter specifically bequeathed), together with all bed linen, table linen, woolen blankets, eider down quilts, china and glassware, silverware (except the antique sugar bowl hereinafter bequeathed to Louise Marsh), all of my clothing, my bronze clock and ornaments, a pair of Lemoge (*sic*) vases, decorated with apple blossoms; all bric-a-brac (not otherwise hereinafter specifically bequeathed), one bisque figure ' Joy,' one pair of pink and white Dresden candlesticks, one wrought iron lamp, with shade, Japanese vase lamp and shade, one large and one small ebony cabinet, three small mahogany tables and all other personal property contained in my home at the time of my decease, and all jewelry not hereinafter otherwise specifically bequeathed."  Four of the specific legacies mentioned

in the subsequent paragraph, numbered fifth, have failed, because the legatees predeceased the testatrix.

The executrix now submits for our determination whether those specific legacies are to be paid to Kate O'Brien under the second paragraph, or to the residuary legatees who are mentioned in paragraph seventh. Some of the latter persons have appeared herein, and claim that the specific legacies have lapsed and pass into the residuary estate. Kate O'Brien has not appeared. The executrix, however, believes that Kate O'Brien may be entitled to claim the specific legacies under paragraph second of the will.

Two considerations preclude my adoption of the suggestion of the petitioning executrix. No evidence is offered in this proceeding to show that the articles in dispute were contained in the home of the testatrix at the time of her death. Paragraph second gives to Kate O'Brien property of that limited description. But, even if a broader meaning is to be placed upon the words " other contents of my home " and " contained in my home " there is a further reason for deciding against the contention of the executrix. When the testatrix excluded from the gift to Kate O'Brien the articles specifically bequeathed in the succeeding paragraphs, she did not intend that paragraph second should have the effect of a residuary clause. Paragraph seventh contains a general residuary clause sufficiently comprehensive to embrace lapsed legacies. Paragraph second indicates an intention to give only the property therein described to Kate O'Brien after bequeathing what was specifically bequeathed in later paragraphs. No intention is manifested that any other property should belong to Kate O'Brien. She is made a specific legatee just as much as those named in the fifth paragraph. A specific legatee can never take

lapsed legacies.  *Kerr* v. *Dougherty,* 79 N. Y. 327.  A residuary legatee is necessarily a general legatee.

A will in many respects like this and presenting an analogous question for construction was passed upon by me in *Matter of Kathan,* 90 Misc. Rep. 540.  It must be held in this case, as it was in that case, that the lapsed legacies fall into the residuary.

The other question of construction relates to paragraph seventh of the will, which is as follows:  " I give, devise and bequeath all the rest, residue and remainder of all my estate, real, personal and mixed, to my late husband's nephews, nieces and grandniece, as follows, viz.:  To Julia Woodruff and her daughter, Dora Woodruff, Alice Parish, Emma Parkhurst, Newton Perkins, Mary A. Lewis, Florence Moliere and Victor Moliere to be divided equally between them, share and share alike.  My husband's nephew, William T. Perkins, having received from my husband in his lifetime two thousand dollars, is, therefore, not included among my residuary legatees."

Three of the residuary legatees predeceased the testatrix and the question made is whether the surviving residuary legatees take the entire residuary estate or whether an intestacy results as to the shares of the three who predeceased the testatrix.  Either it must be held that there is a lapse of part of the residuary estate, or that the gifts to those mentioned in paragraph seventh are gifts to them as a class.  Antithetical definitions of gifts to a class and gifts to individuals are succinctly and clearly set forth in *Matter of King,* 200 N. Y. 189.  It follows therefrom that if the testatrix intended that the named residuary legatees should divide the estate, the gifts must be construed as a gift to them individually, but if only those should take who should survive her, that then the gifts were intended as gifts to a class.  The presumption, in the

absence of a contrary intent expressed in the will, is that the named residuary legatees take individually as tenants in common. Real Prop. Law, § 66; *Matter of Kimberly*, 150 N. Y. 90. There is nothing in the will outside of the residuary clause which aids the interpretation. The testatrix gave the estate to the nieces, nephews and grandniece named as individuals and not to persons answering the description of nieces, nephews and grandniece as a class. If the will had read that the nieces, nephew and grandniece should have the residue, and the individuals were not named, it might then be said, as was intimated in *Matter of Barrett*, 132 App. Div. 134, 138, that a gift to a class of persons was meant. But here the testatrix had in mind particular individuals and did not refer to them as members of a class. The will cannot be read as if those included were not named and only those excluded named. A will giving the estate to the nieces, nephews and grandniece of her late husband, excluding William T. Perkins, would be a different will. It was unnecessary to name all of those who were included, if only the surviving members of the specified class, with the exception of William T. Perkins, were intended as the beneficiaries. There is nothing in this will to indicate that the gift was other than a gift to individuals. The expressed exclusion of William T. Perkins from a share in the residuary estate throws no light on the meaning of the testatrix. He was alive when the will was made, and had he survived the testatrix would have shared in any of her intestate property as one of the next of kin. Assuming that this was considered by the testatrix, it does not follow that she intended under no circumstances should there be a lapse of the residuary estate, and that, therefore, she must have intended that the named legatees take as joint tenants and as members of a class. She did not

Surrogate's Court, New York County, January, 1919.   [Vol. 106.

exclude William T. Perkins from all participation in her estate, but merely from being a residuary legatee. There is no purpose manifested that he was to have no part of the estate at all events. · In that respect this case is different from *Roosevelt* v. *Porter,* 36 Misc. Rep. 441. Were William T. Perkins barred from sharing in any portion of the estate of the testatrix it might be argued that this intention could be effectuated only by construing the residuary clause as creating a gift to a class. But all that the testatrix said in her will was that William T. Perkins was excluded as residuary legatee. She did not in any way provide or show an intention to provide against intestacy resulting from the lapse of a portion of the residuary estate. This being so, the ordinary rule of construction that testacy is to be preferred to intestacy cannot be relied upon in this case to form the basis of a construction that the will contained a gift to a class. *Matter of Kimberly,* 150 N. Y. 90.

The will must be construed to provide that the shares of the residuary legatees predeceasing the testatrix lapsed, and be distributed as intestate property amongst the next of kin of the testatrix. As the testatrix died without leaving any of her own next of kin her surviving, and as the property came to her from her husband, the surviving next of kin of the husband are to be taken as her next of kin by provision of law. Decedent Estate Law, § 98, subd. 16.

Decreed accordingly.