In the Matter of the Construction of the Will of CELIA B. FROHMANN, Deceased.

Surrogate's Court, Queens County, May 29, 1954.

*Frederick T. Davies* for Irving Marks and others, petitioners.

*Kohn & Granirer* for Rockaway Beach Hospital.

*Eli Vigliano* for Margery Crittenden, respondent.

*Edward Goodell* for United Jewish Appeal.

*Nathaniel L. Goldstein, Attorney-General (Kenneth D. Shearer* of counsel), for indefinite and uncertain beneficiaries.

SAVARESE, S. By the seventeenth paragraph of her will testatrix gave all of her clothing and " personal belongings ", together with her fur coats to her sister, Margery Crittenden, and directed, in the event of her sister predeceasing her, which did not occur, that her " personal belongings and clothing " should be equally divided among her five named nieces. If the latter were unable to agree on the division of " said clothing and apparel and fur coats ", same was to be made by the executors. The eighteenth paragraph provides as follows: " All the rest, residue and remainder of my estate, real, mixed or personal, of whatsoever kind and nature * * * not hereby otherwise specifically disposed of, I give, devise and bequeath to my trustees hereinafter named, in trust * * * to invest * * * to collect and receive the income therefrom * * * and to pay to my sister, Margery Crittenden, the sum of Fifty 00/00 ($50.00) dollars per month for and during her natural life, and upon her death to divide the corpus thereof equally between my two sisters, Jennie Marks and Helen Orenstein and my brother Morris Grubman." The executors request a construction of the residuary paragraph, among others, as to whether or not " furnishings " in real property owned by testatrix and in which she occupied an apartment are disposed of by said paragraph. Although neither the petitioners nor the respondent Crittenden have specifically requested a construction of the seventeenth paragraph of the will, they, nevertheless, have presented in their briefs their contentions as to how it should be construed. It might also be stated that the word " furnishing," nowhere appears in the will. Since there is a question as to what personal property, " not hereby otherwise specifically disposed of ", is disposed of by the residuary clause, it is necessary to examine other dispositive provisions of the will. By the fifteenth paragraph of her will testatrix gave a specific article of jewelry to each of six named relatives. In paragraph sixteenth testatrix gave all of her " household furniture " in her home to five designated nieces. Respondent, who did not interpose any formal answer to the petition, asserts that testatrix intended " personal belongings " to include kitchenware, dinnerware, silverware and other unspecified items in her home. By the term " household furniture " all personal chattels are included which contribute to the use or convenience

of the householder and to the ornament of the house, as plate, linen, china, both useful and ornamental, and pictures. It comprehends and includes rugs, draperies and furnishings. (*Matter of Kathan,* 90 Misc. 540.) Kitchenware, dinnerware, silverware are articles commonly used in a household and are part of the household furniture given to the legatees mentioned in paragraph sixteenth. It seems to me that testatrix indicated by her separate and distinct dispositions of her jewelry and household furniture and the use of the term '' personal belongings '' in association with the word clothing to restrict its meaning to articles usually associated with the person. The term used does not include the articles claimed and whether there are other items which might be considered '' personal belongings '' has not been made to appear, except by concession of the petitioners who state they are willing to include as within such description '' 1 set Comb, Brush and Mirror, Sterling Silver; 1 set Military, 2 Brushes and Comb, Sterling Silver ''. The foregoing articles appear to be within the category of '' personal belongings '' and are determined to be part of the legacy given to the respondent.

The will of the testatrix, executed on June 20, 1950, provides pecuniary legacies for several charitable corporations and for her relatives. These legacies range from $100 to $500 and amount in the aggregate to $2,900. It is stated that the personal property is insufficient to pay funeral and administration expenses. Since the will does not contain an express direction to the contrary, the legacies are charges upon the residuary real estate and the same be resorted to for their payment. (Decedent Estate Law, § 47-d.) Although the will does not contain a power to sell or mortgage the real property of the decedent, the executors and trustees are empowered to do so under the provisions of section 13 of the Decedent Estate Law. Since the administration period has expired petitioners should promptly proceed to either sell or mortgage the real property so that the proceeds thereby obtained my be used to pay the legacies. Any surplus resulting should be held in trust and invested in legal securities for the benefit of decedent's sister pursuant to the provisions of the eighteenth paragraph of the will. The net income of the residuary trust in excess of $50, which has not been expressly disposed of, should be paid to the three primary remaindermen as the persons presumptively entitled to the next eventual estate. (Real Property Law, § 63.) Submit decree construing the will accordingly, on notice.