(112 App. Div. 511)

## SAUL v. SWARTZ et al.

(Supreme Court, Appellate Division, First Department. April 20, 1906.)

WILLS—CONSTRUCTION—AMOUNT OF BEQUEST—SHARES OF LEGATEES.

Testator gave to each of his children $5,000, "in addition to other provisions for their benefit." He then created a trust for the life of his wife, subject to the provisions made for the benefit of his children, and directed that on the wife's death the trust estate should be divided equally among the children; the daughters' shares to be in trust for their lives,

with remainder to their children, and declared that a daughter marrying with her mother's consent should receive a marriage portion of $15,000, "being part of her said share in my estate," subject to deduction of the sum which the testator "may have charged against my said daughter on account thereof." A daughter, during the lifetime of the testator, married with his and her mother's consent. Testator had given her $12,500. *Held*, that she was entitled to receive the further sum of $2,500; equality among the daughters requiring the payment to her of such sum, the other daughters having received $15,000.

[Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, § 1142.]

Appeal from Special Term, New York County.

Action by Lester J. Saul, executor of the will of Solomon M. Swartz, deceased, against Henrietta Swartz and others. From a portion of a judgment entered on the report of a referee appointed to hear and determine the action for an accounting of executors and trustees under the will of deceased, plaintiff and defendant Howard Eisenbach and others appeal. Modified.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Donald McLean, for plaintiff.

J. Harry Hull, guardian ad litem, for appellant Robert Lyon.

Herbert Parsons, guardian ad litem, for appellants Howard, Marion, and Alfred Eisenbach, Jr.

Edgar J. Nathan, and Cardozo & Nathan, for respondent Gerald Lyon.

Felix H. Levy, for respondent Lester J. Saul.

CLARKE, J. This is an appeal from part of a judgment entered upon the report of a referee. The case involves the construction of the will of Solomon M. Swartz, deceased, and the accounting by his executors and trustees. The estate is still held in trust, and there has been and is no distribution among individual beneficiaries. The evidence is not returned in the printed case on appeal, and the appeal is here on exceptions to two conclusions of law. On April 17, 1889, Solomon M. Swartz made his will. He died on April 6, 1890. The will provided for certain bequests, then to his grandson $2,500, to be paid on his reaching the age of 25, "to each of my children living at my death the sum of five thousand dollars, in addition to other provisions for their benefit," and to his wife the use of his house and the property therein contained for life.

"Sixthly. All the rest, residue, and remainder of my estate, real and personal, wherever and whatever, of which I may die seised, possessed, or entitled to, I give, devise, and bequeath to my executors hereinafter named who shall qualify and to the survivor upon the following trusts: (1) To receive the rents, income, and profits thereof, and apply the same to the use of my wife, Henrietta, so long as she shall remain my widow, subject, however, to the provisions hereinafter made for the benefit of my children. (2) Upon the death of my wife, I give and devise my estate to and among my children, equally, share and share alike, the parts or shares set apart to my daughters, respectively, to be held by my executors upon the further trust to receive the rents, income, and profits thereof during the life of such daughter, and apply the same to the use of such daughter so long as she shall live, and upon her death the trust to cease as to such share, which shall thereupon go and belongs to the heirs at law of such daughter absolutely, per stirpes. * * *

(3) Upon the marriage with her mother's consent of any daughter, provided, however, that said daughter has not already received from me the said sum, I direct my executors to pay to said daughter, the sum of fifteen thousand dollars, being part of her said share in my estate, and I direct my executors to deduct from said fifteen thousand dollars any sum which I may have charged against my said daughter on account thereof. Upon my son attaining the age of twenty-five years, I authorize my executors in their discretion to advance to him out of his share the sum of twenty thousand dollars. Should any daughter attain the age of twenty-one years in her mother's lifetime, I direct my executors to pay to such daughter, from and after her attaining the age of twenty-one years, and until her marriage or the final division of my estate, as prescribed in this article, the annual income yielded by the sum of fifteen thousand dollars."

The learned referee found as matter of fact:

"That said defendant Henrietta Swartz and Gerald Lyon, on or about the 6th day of January, 1891, paid to the defendant Annie Lyon the sum of twenty-five hundred dollars, termed an 'additional gift by decedent'; that prior to the death of said Solomon M. Swartz and the making of his will. Annie Lyon had married with the consent of her father and mother, and at the time of her marriage the decedent had given her the sum of $12,500."

And as a conclusion of law:

"That the sum of $2,500 paid to Annie Lyon as an additional gift from the decedent was properly paid by the executor in fulfillment of the provision of the will in regard to the $15,000 legacies to the daughters."

To this finding exception was duly taken.

The scheme of this will is clear and the intention thereof not difficult to discover. Testator exhibited to the natural objects of his bounty justice and equality, slightly varied by just consideration. His children stood equally in his affections. He first gave to each a bequest of $5,000, expressly said to be "in addition to other provisions for their benefit." He then created a trust for the life of his wife, "subject, however, to the provisions hereinafter made for the benefit of my children." Upon her death the trust estate was to be divided equally among the children; the daughters' shares, for their protection, however, to be in trust for their lives, with remainder over to their children. The daughters, marrying with their mother's consent, were to receive a marriage portion of $15,000, "being part of her said share in my estate"; but from it was to be deducted any sum which testator "may have charged against my said daughter on account thereof."

Appellants contend that the will is to be construed, if not from the date of the death of the testator, at least from the date of its execution, and that as at that time Annie was already married. The provision as to the daughters marrying with their mother's consent referred solely to the then unmarried daughters, had the element of futurity attached to it, and could in no event have been intended to include Annie. Wills are to be construed according to the intention of the testator, when it is possible to discover such intention from the language used by him. The keynote of this will is fairness and equality to his children. He treated them alike. They were equally dear to him. He had no favorites. Annie had married, not only with her mother's consent, but with his own. Her husband he had made one of his executors and trustees. Her son, the infant, Robert, he had made a legatee by name. He had given her $12,500, and his will provided that his executors should de-

duct from the $15,000 "any sum which I may have charged against my said daughter on account thereof." Equality among the sisters requires the allowance of this $2,500 to Annie, as we assume, in the absence of the evidence and the accounts, that the other daughters have each received $15,000.

Nor is our view of the proper construction of this will unsupported by authority, if authority be needed for the proposition that a will should be construed in accordance with the clear intention of the testator. In Eisner v. Koehler, 1 Dem. Sur. 277, Mr. Surrogate Rollins had occasion to examine what he called "enabling conditions" in a will. He said:

"The decided cases to which I have referred clearly establish that, in the interpretation of such a condition as the one under review, it is proper to inquire what purpose the testator had in imposing it, and that, in the absence of any language indicating a contrary intention, such condition should be deemed fulfilled whether it has been satisfied after the testator's death, or before that event and subsequently to the execution of the will, or even before such execution. * * * Where, for example, a testator has made a bequest to one of his daughters upon her marrying with the approval of his widow or executor, or some other specified person or persons, it has often been held that the marriage of the daughter in the lifetime of her father, and with his approbation, it must be deemed a substantial compliance with the conditions created by the will (Clarke v. Burkley, 2 Vern. 720; Parnell v. Lyon, 1 Ves. & Bea. 479; Wheeler v. Warner, 1 Sim. & Stu. 304; Smith v. Cowdrey, 2, Sim. & Stu. 358); and this in recognition of a principle thus stated by Roper (Legacies, p. 819): 'The proper marriage of the legatee being the essence of the condition, the purpose is answered by the marriage under the eye and with the consent of the testator.' The condition, it is true, is not performed according to the letter, but it is so in substance."

In Van Vechten v. Van Veghten, 8 Paige, 104, the testator made certain specific bequests, and conveyed the rest of his property to his son and daughters under specified trusts. He also bequeathed an outfit to each of his three daughters who should marry. Two of the daughters married during the lifetime of their father, and it was held that they were entitled to receive such outfit as a legacy. This payment was therefore justified, and the portion of the judgment appealed from in that regard should be affirmed.

Lawrence Swartz, the son of the testator, has died, and a construction of the will was asked in respect to the determination of the proper disposition of his interests under his father's will, and the learned referee has made certain conclusions in relation thereto which have been excepted to, and especially by the infant appellants. The trust estate has not yet determined; the time for distribution has not arrived. There is no present necessity for any decision upon this question, and by the time that the question has to be determined there may be in existence other parties who will be interested therein and entitled to be heard thereon, and who would not be controlled by any unnecessary determination made by the court at the present time. Under such circumstances, decision of an academic question will not be undertaken by this court.

The judgment should be modified by striking therefrom the three paragraphs construing the will as to the disposition of the right, title, and interest of Lawrence Swartz, and, as so modified, affirmed, with costs to all parties payable out of the estate. All concur.