In the Matter of the Last Will and Testament of JULIA HARRIMAN, Deceased.

Surrogate's Court, Westchester County, June, 1922.

**Wills — construction — gift to legatee if he reach a certain age — attainment of age before death of testatrix — clause not operating as conditional limitation.**

Where one entitled to receive a legacy on attaining the age of twenty-five years reaches that age before the death of testatrix, he is entitled to the legacy.

The words " own private use " in a legacy of $500 are meaningless, and the legatee is entitled to the gift.

There being no gift over, a clause in a codicil to a will that " If it is possible that my grandson * * * can keep it for himself, I will and bequeath to him one thousand dollars, but I revoke it if his wife and child can get it," does not operate as a conditional limitation, and the legatee is entitled to take the gift.

PROCEEDING for construction of a will.

*Alfred G. Reeves,* for executors.

*Charles H. Banks,* for William H. Budd.

*Stewart & Shearer,* for United States Trust Company of New York.

*Hawkins, Delafield & Longfellow,* for Raymond J. Carpenter.

*Frank E. Clarke,* special guardian.

SLATER, S.   Question arises as to the construction of the will in relation to three gifts to William H. Budd in the 7th paragraph of the will and a gift of $500 in the codicil thereto.

As to the gift in the will it is the court's opinion that the gift passes to William H. Budd.   He had attained the age of twenty-five years before the death of decedent and upon its happening he was entitled to the gift.   As it happened prior to the death of decedent, it is payable to him by the executors.

As to the gift of $500 in the codicil, the words " own private use " are meaningless, and the court holds that William H. Budd is entitled to this gift.   As to the gift of $1,000 in the latter part of the codicil, which reads as follows:  " If it is possible that my grandson, William H. Budd can keep it for himself, I will and bequeath to him one thousand dollars, but I revoke it if his wife and child can get it."   The first part of the gift has to do with whether he can keep it for himself.   That is an impossible condition.   No one can tell whether he can keep it for himself.   He might very well give it away the next minute after he becomes entitled to it.   Therefore, these words are meaningless and without

force or effect.    As to the clause relating to the revocation if his wife or child can get it, it is likewise true that he could give it to his wife and child as soon as he was entitled to it.    Apparently, from the evidence the testatrix had in mind that the husband and wife were living apart, and that the wife or child might by some legal process obtain it.    This is not a conditional limitation as there was no gift over, and the court will hold that the only part of the paragraph which remains with force is the gift of $1,000 which the court will hold is a legacy which William H. Budd is entitled to receive.

Decreed accordingly.