In the Matter of the Estate of EMIL SCHWARZ, Deceased.

Surrogate's Court, New York County, June 3, 1936.

*Hollander & Bernheimer* [*Sydney J. Schwartz* of counsel], for the executrix.

*Ira H. Holley,* special guardian.

FOLEY, S. By paragraph seventh of his will the testator divided his residuary estate into two equal shares. He gave the income of one of such shares to his daughter Irma, and the income of the other share to his daughter Geraldine. Upon each respectively attaining the age of thirty-five years, he gave them the principal of such shares. He provided for certain other contingencies in the event of the death of either of them before reaching the specified age. He further provided: " In the event that either of my said children Geraldine or Irma shall marry before attaining the age of Thirty-five (35) years, I will and direct that Five Thousand ($5,000) Dollars of the share of this trust estate to which said child shall be entitled upon attaining the age of Thirty-five (35) years, shall be set apart by my said Executors and Trustees or their successor and be paid over to my said child so marrying, at the time of said marriage, as a marriage portion, to be hers absolutely and forever."

At the time of the execution of the will neither of the testator's two daughters had married. His daughter Geraldine, however, married prior to his death, and his daughter Irma married subsequent to his death. The executrix proposes to pay these legacies of $5,000 to each of them. The special guardian herein objects to the payment of the legacy to Geraldine (now Mrs. Geraldine Gablick). He contends that since by the terms of the will it was payable " at the time of said marriage," her marriage *prior* to the testator's death made the legacy ineffective. The objection of the special guardian is overruled. It is apparent from a reading of the will that the testator intended to treat his two daughters, who are twin sisters, exactly alike. They were the principal objects of his bounty. He divided his residuary estate in trust between them in equal parts. He gave them the principal of their shares when they attained thirty-five. By the legacies to them, to be paid at the time of marriage, he merely accelerated payment of the principal, which was otherwise postponed until each daughter attained thirty-five years, to the extent of $5,000 thereof. It affirmatively appears that Mrs. Gablick did not receive from the testator the sum of $5,000, or any part of it, as her dowry or marriage portion during his lifetime.

The event upon which the legacy was conditioned having been fulfilled before the testator's death, Mrs. Gablick became entitled upon his death to the absolute payment, as a marriage portion, of the sum of $5,000 from the principal of the trust for her benefit. (*Saul* v. *Swartz,* 112 App. Div. 511; *Van Vechten* v. *Van Veghten,* 8 Paige, 104, at p. 126; *Eisner* v. *Koehler,* 1 Dem. 277, and cases cited therein; 1 Roper Legacies, p. 818 *et seq.*)

The situation here is similar to the case where a legacy is payable under the terms of a will to a person upon his attaining a specified age. If, at the time of the testator's death, the legatee has attained that age, the legacy vests in him absolutely. (*Matter of Harriman,* 119 Misc. 42; *Eisner* v. *Koehler,* 1 Dem. 277.)

Submit decree on notice construing the will, directing the payment, and settling the account accordingly.