In the Matter of the Estate of PETER PURFIELD, Deceased.

Surrogate's Court, Bronx County, June 18, 1936.

*Albert A. Friedlander*, for the petitioner, Charles Purfield.

*Julius G. Paider, Jr.*, for the executor.

HENDERSON, S. This is an application for the construction of paragraphs tenth and eleventh of the will by the decedent's son.

Paragraph tenth provides:

" *Tenth.* I hereby direct that my Executors shall, as soon after my death as may be practicable, sell my said residence at 1497 Hoe Avenue, Bronx, New York City, and any and all other real property that I may die seized and possessed, at public or private sale as it may seem to them advisable, and the proceeds thereof, after all necessary expenses and charges shall have been paid, I hereby direct them to distribute as follows:

" a) The sum of one thousand ($1,000.00) Dollars to be given to my beloved son Charles Purfield, to be his absolutely and forever.

" b) The sum of five hundred ($500.00) Dollars to be given to my brother Charles Purfield, of Dublin, Ireland; and if my said brother Charles Purfield shall predecease me, then, and in that event, the bequest to him named herein shall be given to his son Peter Purfield, of Dublin, Ireland, to be his absolutely and forever.

" c) The rest, residue and remainder of the proceeds of such sale of my real property is to be given to my residuary estate and become a part of the trust fund therein created for the benefit of my beloved son Charles Purfield."

The petitioner and the executor are agreed that the legacy of $1,000 to the petitioner is a demonstrative legacy. They cited the leading case of *Crawford* v. *McCarthy* (159 N. Y. 514). A number of cases from courts of original jurisdiction are also cited which support the contention of the petitioner. The authority which the decisions cite in each instance is *Crawford* v. *McCarthy (supra).* Surrogate WINGATE in *Matter of Smallman* (138 Misc. 889, 902) reviewed the decisions on the subject and pointed out that they are in hopeless conflict. He then stated (at p. 903): " The difficulty which has been experienced seems, as noted, to lie chiefly in the failure to read the opinion in *Crawford* v. *McCarthy* as a

whole and in employing as a test only the definition of a demonstrative legacy on page 518 without reference to the limitations on page 520 with the resulting failure to comprehend and apply the rule that a demonstrative legacy must possess all of the qualities of a general legacy. The distinguishing characteristics of a general bequest have been repeatedly stated. In *Crawford* v. *McCarthy* (159 N. Y. 514) it is said (at p. 518): ' A general legacy is a gift of personal property by a last will and testament, not amounting to a bequest of a particular thing or money, or of a particular fund designated from all others of the same kind.' "

In the *Crawford* v. *McCarthy* case it was held that the legacy was specific and not demonstrative. There the testatrix designated a bank account and directed that out of the money on deposit $1,500 be paid.

By paragraph tenth of this will the testator directed that his real property be converted into personalty and then directed the distribution of the fund created by the sale. It is a specific legacy.

So much of paragraph eleventh which is material provides: " All the rest, residue and remainder of my property I give and bequeath to my Trustees hereinafter named to be held by them in trust however for the benefit of my beloved son Charles Purfield, with full powers of investing the same according to law; it is my wish and my direction that my said Trustees, after deducting any and all necessary expenses, shall pay out of the principal and interest of said trust fund the sum of Fifty ($50.00) Dollars the first day of each and every month to my said son Charles, for the rest of his natural life; and in addition thereto the sum of One Hundred and Fifty ($150.00) Dollars the week before each and every Christmas during his natural life; and in the event that my son Charles shall, during the life of this trust, marry, then and in that event, I direct my Trustees to pay out of the said trust fund the sum of One Thousand ($1,000.00) Dollars to my son Charles upon the day of his marriage, all this being in addition to the monthly payments and Christmas payments heretofore mentioned."

The petitioner's construction of paragraph eleventh is correct. The decedent died on December 16, 1935. The petitioner is entitled to receive the sum of fifty dollars per month from January 1, 1936, and in addition the sum of $150 for 1935 and a like amount on December eighteenth of each succeeding year. (*Matter of Bird*, 241 N. Y. 184; *Matter of Stanfield*, 135 id. 292, 296.)

He is further entitled to the immediate payment of $1,000 because of his marriage. He was married six days before the death of his father. A reading of the entire will reveals that the testator's

primary purpose was to make provision for his son. Apparently the testator was fearful that if given his share absolutely, his son might spend his inheritance and find himself in financial difficulty. He provided a monthly income in a specific amount with an additional sum before Christmas. His provision for the payment of $1,000 upon the petitioner's marriage during the life of the trust which is limited upon the life of the son, shows that he desired to assist the petitioner upon the assumption of matrimonial obligations. There is no indication in the will that the testator objected to such a marriage during his life. It was the testator's purpose to assist his son at the time of the marriage. Under such circumstances, the condition upon which the gift of $1,000 depends must be deemed fulfilled whether the marriage occurred before or after the decedent's death. While technically there could be no trust until the testator's death, it is clear that he intended that the condition might be fulfilled at any time during the life of the *cestui que trust*. (*Saul* v. *Swartz*, 112 App. Div. 511; *Matter of Schwarz*, N. Y. L. J. June 4, 1936, p. 2856.)

Settle decree.