In the Matter of the Estate of COSIMO FURNO, Deceased.

Surrogate's Court, Kings County, May 10, 1950, on reargument, June 28, 1950.

*William Jacobs,* as executor and trustee under the will of Cosimo Furno, deceased, petitioner in person.

*William T. Collins, II,* for Lena Furno, respondent.

*Leonard E. Ruisi,* special guardian for Cosimo Furno, Jr., an infant, respondent.

McGAREY, S. This proceeding has been instituted by the executor and trustee for a determination as to whether testator's widow has a right to elect to take her intestate share of his estate, under the provisions of section 18 of the Decedent Estate Law; whether she has validly exercised her right of election, and for a construction of the will, generally.

The widow executed her notice to elect against testator's will, which was served on the executor and filed in this court, with proof of such service, within six months of the issuance of letters testamentary and there can be no question as to the validity of the exercise of such election and she will be entitled to her intestate share of the estate in the event the provisions made for her in the will are inadequate within the terms of the statute.

The court determines that the widow has an absolute right of election and that she is entitled to one third of the net estate, testator having left surviving, in addition to his widow, a child. Under paragraph '' Third '' of the will the widow receives a general legacy of $1,000 and under paragraph '' Fifth '' a trust of the residuary estate is created for her benefit with: (a) directions to pay to her for her life the sum of $35 per week for the support of herself and testator's infant son; (b) permission to live in testator's residence so long as she remains unmarried and continues to live with and care for

testator's son during his infancy, and (c) to pay her a nominal sum each Christmas while she remains unmarried. While the payment of the weekly sum to her under subdivision " a " of paragraph " Fifth " of the will is directed for " the balance of her natural life " subdivision " d " specifically directs that such payments and the benefits provided under subdivisions " b " and " c " " shall immediately cease and terminate " on her remarriage. Such provisions are insufficient to deprive her of a right to elect. Aside from the fact that the stipulated weekly payment is to be paid to her not only for her own benefit but also for the support of testator's infant son, the trust does not direct payment to her of all the income of the trust (Decedent Estate Law, § 18, subd. b), and all provisions made for her, except the general legacy under paragraph " Third ", terminate on her marriage. The limitation of the benefits of the trust for the period she remains unmarried does not constitute a compliance with the terms of the statute and confers upon her the right to take her intestate share in the estate. (*Matter of Byrnes,* 260 N. Y. 465.)

The widow, accordingly, is entitled to the same interest in testator's estate as she would have received had he died intestate (Decedent Estate Law, § 83), a one-third part of a fair cross section of the net estate. This proportionate share is computed after deducting from the gross assets testator's debts, funeral and administration expenses and the $300 exempt property under subdivision 4 of section 200 of the Surrogate's Court Act, to which the widow has asserted her claim and which must be set aside for her benefit. The amount of the general legacy of $1,000 bequeathed to the widow under paragraph " Third " of the will must be offset against her one-third share and she must bear her proportionate share of the Federal and State estate taxes and credit must be given her for her statutory exemption under the Federal and State statutes. (Decedent Estate Law, § 124; *Matter of Clark,* 169 Misc. 202; *Matter of Goldsmith,* 177 Misc. 298; *Matter of Peters,* 88 N. Y. S. 2d 142, affd. 275 App. Div. 950; *Matter of Ittleson,* 197 Misc. 786.) Payments have been made to the widow by the executor and trustee since the will was admitted to probate all of which must be credited against her one-third share of the estate. In addition she may be charged with a reasonable amount for her use and occupancy of testator's residence but she, in turn, may be entitled to a suitable allowance out of the portion of the estate dedicated to the benefit of testator's son for moneys

contributed toward the support and maintenance of the minor since testator's death. This is a matter for adjustment between the widow and the executor and trustee.

In view of the successful assertion by the widow of her right to take her intestate share of the estate testator's testamentary plan is necessarily disrupted but his intention as expressed in the will must be validated as far as possible. The widow's share must be paid from the entire estate and all those receiving benefits under the will must contribute in proportion to their interests under the will, which will require some abatement of the general legacies and contribution from the residuary estate set aside for testator's son, which must be administered as though the widow had predeceased testator. The contribution to be exacted from each of the testamentary beneficiaries must await the settlement of the account.

The widow having elected to take her intestate share she forfeits any benefits provided for her under the will which are not part of the rights accorded her by statute. She, therefore, has no inherent right to remain in testator's residence which privilege is accorded testator's son but she may remain there while she takes care of the minor and suitable provision may be made for the support and maintenance of the son and for payment of the carrying charges of the real property, all of which are payable out of income and invasion of principal is permissible if the income is insufficient for such purposes. Such support of the minor and payment of the carrying charges of the home is to continue during the son's minority. The amount required for such purposes is a matter for determination of the trustee as circumstances may require (*City Bank Farmers Trust Co.* v. *Smith,* 263 N. Y. 292). Accumulation of the income of the residuary estate, over and above what may be necessary for the above purposes, is permissible during the son's minority, such accumulations, if any, being payable to the son on attaining majority. In addition to the foregoing, under subdivision " f " of paragraph " Fifth " of the will, testator's son is entitled to such expenditures as may be necessary for his attendance at college, if he so desires, which is applicable whether he should be under or over twenty-one years at the time.

When testator's son attains his majority the provisions for his support terminate and in lieu thereof he will be entitled to receive out of income, and principal, if necessary, the sum of $25 per week until he reaches age thirty and $50 per week thereafter until he reaches age forty. His right to occupy testator's home ceases when he attains majority. Should there be surplus

income after payment of the foregoing weekly stipends such surplus is payable to the son as the person presumptively entitled to the next eventual estate (Real Property Law, §§ 61, 63; Personal Property Law, § 16).

The provisions for testator's step-sons under subdivisions "k" and "l" of paragraph "Fifth" of the will are general legacies with time of payment postponed until each reaches the age of forty, which are payable out of the principal remaining after deducting the widow's one-third share. James, having married prior to testator's death is entitled to payment of $1,000 of his legacy. (*Matter of Schwarz*, 160 Misc. 151.)

Under the provisions of the will no question of preference is presented nor does it appear that any such question may arise.

The word " reside " in paragraph " Eighth " of the will was apparently intended as " residuary " and is so construed.

All other questions propounded are presently academic and determination thereof will be postponed until the need therefor arises.

Submit decree, on notice, accordingly.

(On reargument, June 28, 1950.)

RUBENSTEIN, J. (Justice of the Supreme Court as Acting Surrogate.)

This motion, in form, seeks a reargument of the decision heretofore made by this court in determining the validity of the election of testator's widow to take against his will under section 18 of the Decedent Estate Law, but in reality merely requests a clarification of certain portions of the opinion rendered, claiming certain inconsistencies therein.

There is no inconsistency in any part of the opinion. The court held that the widow had a valid right to elect against the will because the provisions for her under paragraph " Fifth " of the will limited the benefits contained therein to the time she remained unmarried. She, therefore, became entitled to a one-third interest in the net estate, against which was to be credited the $1,000 legacy bequeathed to her. Since, by exercising her right of election, she forfeited any right to remain in possession of the realty of which testator died seized, she could be charged the reasonable value of the rental thereof for the time she occupied it from the date of testator's death. However, since testator's son, an infant, for whom substantial benefit was provided by the will, occupied the premises during the same period and apparently was maintained by the widow, his mother, during that time, she should be allowed credit for

the amount expended in his behalf to be charged against the son's interest in the will. As the court said in its decision: " This is a matter for adjustment between the widow and the executor and trustee." The latter has the power under the will to make suitable provision for the support and maintenance of the son, to pay the carrying charges on the realty while he remains in occupancy, and to provide for suitable supervision of him during his minority. Obviously, the logical person to have custody of the infant is his mother, testator's widow, and the executor and trustee may well determine that the amounts heretofore expended for the benefit of the infant may more than offset any amount for which she would be liable for use and occupation of the realty.

In the event the parties cannot agree on the value of the occupancy of the premises and the amount the widow should be allowed for support and maintenance of the infant, the court will take proof of the facts.

The motion for reargument is, in all respects, denied.