Otto C. Jaeger, S.
This is an application under SOPA 1421 by decedent’s spouse to determine the validity and effect of an election filed by him pursuant to EPTL 5-1.1.
Decedent died on March 20, 1970 leaving a will dated November 2,1967 and admitted to probate on March 31,1970. Decedent *305 was survived by her husband and two children. A notice of election was filed by the husband and recorded in this court on September 1, 1970.
The will gave the husband the household and personal effects and provided for a small charitable bequest. The remainder of the estate was divided into two equal parts, each part identified by the name of one of her children and given in trust during the lifetime of the husband and the child whose name identified the trust. The corporate trustee was given discretionary power to pay the income “ to one or more of the persons within the group consisting of my husband Edward, my child whose name identifies the trust and such child’s issue.” Any income not paid was to be added to the principal of the trust from which the income was derived. In addition, the corporate trustee was given sole discretion to invade principal for the benefit of any of the income beneficiaries. Testatrix then gave her husband the power to appoint the principal of each trust by his will in favor of 1 ‘ any one or more of my child whose name identifies the trust, such child’s issue and spouses of such child’s issue.” The husband and a corporate fiduciary were named and qualified as executors and trustees.
In failing to grant her husband the full income of the trust and in permitting an invasion of the principal for the benefit of others, testatrix made a disposition which has been characterized as illusory (Matter of Wittner, 301 N. Y. 461; Matter of Bleier, 20 Misc 2d 322). Since the husband has not been given the minimum benefits required by statute and has duly filed a notice of election, he is entitled to his elective share outright and free of any trust (EPTL 5-1.1, subd. [c]). The elective share is one third of the net estate. The will is valid “ as to the residue after the share to which the surviving spouse is entitled has been deducted, and the terms of such will or instrument remain otherwise effective so far as possible” (EPTL 5-1.1, subd. [d]). While a ratable contribution to the share to which the surviving spouse is entitled must be made by all other beneficiaries, the decedent’s husband has waived any contribution from the charitable beneficiary. Effect will be given to such waiver.
The effect of the successful exercise of the right of election nullifies petitioner’s interest in the testamentary trust. However his right to serve as a fiduciary is not affected by his exercise of the right of election, since in that capacity he is not a beneficiary of the estate but acts only in an administrative capacity (Matter of Rosenfield, 76 N. Y. S. 2d 177).
Two further questions are presented: (1) whether the husband should be permitted to retain the power of appointment *306 given him and (2) whether his life should be included as a measuring life of the trust.
It is urged by petitioner (without objection from any other party) that the limited power of appointment given under the will carries no economic benefits for the husband and should remain effective and allow him 1 ‘ to appoint the principal of each trust * * * at his death by his Last Will in favor of any or more of my child whose name identifies the trust, such child’s issue, and spouses of such child’s issue.”
It would seem that the question of the effect of an election against a will upon a power of appointment given to the electing spouse, would have arisen with some frequency. However, according to the court’s research and the annotation (in 38 ALR 2d 977), the question has seldom arisen and when it has, the results have varied. The only New York case noted (and research has failed to disclose any other) was James v. James (4 Paige 115 [1833]) where a widow who received in lieu of dower a devise of certain realty for life with a limited power to dispose of it by her will, elected instead to take her dower rights in testator’s realty. The Chancellor said (p. 119): “ It is not without some hesitation I have arrived at the conclusion that the election of the widow to take her dower in the estate has the effect to defeat the devise to her of a power in the trust, to be executed in favor of her descendants.” While the Chancellor based his conclusion upon the circumstance that the devise of the life estate with the limited power of appointment and certain specific and pecuniary bequests to the wife, were declared to be in lieu and full satisfaction of her dower, we think that a corresponding conclusion is the proper one for our case even though our decedent’s will contains no similar declaration.
The annotation referred to above states, at the outset: “A general or unlimited power of appointment over the corpus or remainder of which the surviving spouse-donee was given the life interest or life estate has been held to be extinguished by such spouse’s election to take against the will.” (38 ALR 2d 977, supra.) Since the general power could be exercised in favor of the donee’s own estate or creditors, it was manifestly a benefit additional to the benefit incident to the successful exercise of the spouse’s right of election. Such was the conclusion of the two jurisdictions (Virginia, Arkansas) where the question was presented and such a conclusion impresses us as sound in principle.
Should the fact that the power of appointment is limited rather than general lead to a different result? We think not. Concededly, the petitioner husband by his election has forfeited all *307 benefits under the will (Matter of Rosenzweig, 19 N Y 2d 92; Matter of Lunney, 21 Misc 2d 455; Matter of Furno, 199 Misc. 273). A limited or special power may involve benefits or privileges valuable to the donee even though short of those incident' to a general power. Black’s Law Dictionary (4th ed.) defines benefit as profit, fruit, privilege or advantage. In Matter of Emmons (165 Misc. 192, 195) the court quoted with approval the definition of benefit found in Words and Phrases Judicially Defined (First Series) as “ anything that works to the advantage or gain of the recipient.” If decedent’s spouse were permitted to exercise the power, he would have the privilge of bestowing financial benefits on some of the permissible appointees and cutting off others. The privilege could prove to be a valuable aid in his own estate-planning and enable him to utilize his own assets in conjunction with or differently from the appointed property. He would have greater freedom in disposing of his own estate since he could provide for his descendants (and the spouses of some) by use of the power. He could also release the power for a consideration (EPTL 10-9.2); and, while a contract to exercise the appointment in favor of some persons within the limited class designated in the will might not be enforceable by specific performance (EPTL 10-5.3), the donee by carrying out the contract could keep the consideration received by him. We conclude therefore that the power here, even though limited, endowed the donee with a substantial and valuable privilege or benefit which should be held forfeited by his election to take against the will. In reaching this conclusion, we have not overlooked the fact that courts in other jurisdictions (Hlinois, Wisconsin) have reached a contrary conclusion. The conclusion in those cases seems to have been based on a presumed intention of the testator that the surviving spouse should have the power despite the election. ’ However when the scheme of the will has been thwarted and materially changed by the voluntary act of testator’s spouse, we deem it fairer to declare that the spouse has forfeited all privileges and benefits rather than speculate as to testator’s intention under the materially changed circumstances. We think the risk should be on the surviving spouse who has an option to exercise or not to exercise the right of election, not on the testator who is no longer available to declare his intention to cover the new situation.
As to the remaining question with respect to the duration of the trust, there is no doubt that the measuring lives of a trust may be those of total strangers to the trust objects (Kahn v. Tierney, 135 App. Div. 897, affd. 201 N. Y. 516). Here the power to appoint and the use of the husband’s life as a measuring life *308 of the trust are so intertwined that the elimination of one seems to warrant, if not require,- elimination of both. Since we have held that his power has been forfeited by virtue of his election, retention of his life as a measuring life would serve no purpose.
In summation, the court determines (1) that the petitioner husband has validly exercised his right to elect against the will; (2) that said exercise entitles the husband to one third of the net estate but without ratable contribution from the charity because of the husband’s waiver; (3) that said exercise nullifies all of the husband’s interests in the trust except that he may continue in his capacity as cofiduciary of the estate; (4) that said exercise extinguished the husband’s power of appointment and eliminated his life as one of the measuring lives of the trust; and (5) that each trust will be measured by the life of the child whose name identifies the trust, and that child will have a testamentary power of appointment over the principal of the trust in favor of any one or more of that child’s surviving spouse and that child’s issue.