OPINION OF THE COURT
C. Raymond Radigan, J.
In this construction proceeding the executor seeks a determination regarding the effect of article second, paragraph (b) of the decedent’s will which provides: "In the event my nephew, Mark Semigran, elects to attend medical school and is in attendance at the time of my death or has been admitted to a medical school or is not yet in attendance or evidences a desire to attend medical school, then, and in that event, I give, devise and bequeath to my nephew, Mark Semigran, the sum of Five Thousand ($5,000) Dollars to assist him in meeting the tuition requirements for medical school. In the event he has *104 not commenced medical school or been duly admitted to a school within two (2) years after my death, then, in that event, this bequest shall abate.”
The question posed is whether Mark Semigran has satisfied the conditions imposed by the testator.
The testator’s will and codicil are dated July 19, 1977 and July 20, 1977, respectively. The testator died on April 4, 1985. Dr. Semigran was admitted to medical school in September 1978, received a degree in 1983 and began a three-year fellowship at Massachusetts General Hospital in June 1986. Dr. Semigran states in his affidavit and it is undisputed that he obtained student loans totaling $25,000 to pay for his medical education and that he expects to continue repaying the loans over the next several years.
Although an executor should generally remain neutral in a construction proceeding (Isham v New York Assn. for Improving Condition of Poor, 177 NY 218) the executor in this case has firmly taken the position that since Dr. Semigran was not a student at the time of the testator’s death or during the following two years, he did not meet the requirements imposed by the testator.
Where a will imposes an "enabling condition” such as the one in question it is generally held that the condition may be fulfilled prior or subsequent to the testator’s death (Saul v Swartz, 112 App Div 511). Thus, where a will provides for the payment of principal from a testamentary trust upon the marriage of a beneficiary the condition is fulfilled if the marriage takes place prior to the death of the testator (Matter of Purfield, 159 Misc 824; In re Blauvelt, 90 NYS2d 380). Likewise, where a beneficiary is required to attain a certain age subsequent to the creation of a testamentary trust, the requirement may be satisfied by attainment of the age prior to the testator’s death (Matter of Harriman, 119 Misc 42).
Here, the testator wanted to assume part of the cost of his nephew’s medical education. There is no allegation that he advanced any funds for this purpose during his lifetime. The only limitation on the bequest was that the beneficiary commence his studies no later than two years after the testator’s death, which occurred in 1985. This condition was satisfied by the beneficiary’s admission to medical school in 1978 (see, Hartshorne v Central Union Trust Co., 103 NJ Eq 111, 142 A 352).
The executor makes a distinction between the payment of *105 funds directly to the university for tuition and the repayment of a student loan. He asserts that repayment of the loan does not fulfill the will’s requirement that the funds be used to "assist [the nephew] in meeting the tuition requirements for medical school”. The court rejects this argument.
Accordingly, Dr. Semigran is entitled to the $5,000 bequest.