OPINION OF THE COURT
Albert J. Emanuelli, S.
The issue presented by this unopposed application concerns the validity of the notice of election filed by decedent’s wife.
The decedent’s estate is valued for Federal estate tax purposes at approximately $42,000,000. The value of testamentary provisions for the spouse including the principal of a testamentary trust exceeds $7,000,000.
On or about June 22, 1995 the spouse executed a notice of election which was duly served upon the fiduciary and thereafter recorded with the court. The notice provides in pertinent part: "I, Elizabeth H. Kahn, do hereby exercise the personal *308 right of election given to me and elect to take my elective share pursuant to the provisions of Section 5-1.1-A of the New York Estates, Powers and Trusts Law, provided, however, that I hereby renounce and disclaim any right which I may have in and to any contribution required by statute to be contributed toward the satisfaction of my elective share by Erigid Buchanan beneficiary of the pecuniary bequest made in said will under Article fourth, (b). It is my intention that the disposition to said beneficiary specified in the preceding sentence (and only such disposition) shall be satisfied without any diminution for ratable contribution with respect to my elective share, which contribution I hereby waive by this partial exercise of right to election.”
Because the decedent died after September 1,1992 but before September 1, 1994, EPTL 5-1.1-A (a) (5) as augmented by EPTL 5-1.1 (c) (1) (H) and (I) creates a limited right of election which would give the spouse an elective share or supplement of approximately $5,000,000 over and above the dispositions to her in the will.
The election was made within the time prescribed by EPTL 5-1.1-A (d) (1) and no issue has been raised as to the method of service. The only apparent issue is whether the partial renunciation or waiver expressed in the notice somehow affects the validity of the election.
Under EPTL 5-1.1-A (c) (2) beneficiaries are required to make "ratable contribution to the share to which the surviving spouse is entitled”. The notice filed by the spouse renounces such contribution from one legatee, Erigid Buchanan, a longtime employee of the decedent. The notice of renunciation confirms this intent.
As far back as 1971 this court has recognized the right of an electing spouse to make a partial exercise of the right of election or to waive ratable contributions from selected beneficiaries. In Matter of Friedman (67 Misc 2d 304, 305) the court held: "While a ratable contribution to the share to which the surviving spouse is entitled must be made by all other beneficiaries, the decedent’s husband has waived any contribution from the charitable beneficiary. Effect will be given to such waiver.”
Likewise, in Estate of Grosser (NYLJ, Nov. 9, 1979, at 5, cols 3, 4) the court held: "Petitioner is entitled to a ratable contribution of 18.2 percent of $31,710.30, or $5,771.27, from the sister’s trust account as her statutory elective share * * * Petitioner is entitled to her elective share pro rata from all *309 testamentary substitutes. If she chooses not to enforce this right against certain trust accounts, this court is not cognizant of any precedent nor any policy consideration which should prevent her from doing so.”
Finally, although of no precedential value, the Internal Revenue Service, by. letter ruling 9440027 (July 11, 1994) (CCH Fed Estate and Gift Tax Reporter ¶ 12, 712) has recognized the foregoing authorities as setting forth New York law. "Several New York courts have recognized as effective a partial or selective exercise of the surviving spouse’s rights of election pursuant to which the spouse elects against specific testamentary dispositions or substitutes that would otherwise be subject to the election under EPTL Sect. 5-1.1-A. As a result of the selective election, the spouse’s elective share was decreased by the amount that the beneficiaries of those items not subject to the election would otherwise have contributed. Thus, the courts determined that these elections would not require any beneficiary to contribute more than that beneficiary’s ratable share to the spouse’s elective share. See, Estate of Grosser, NYLJ, Nov. 9, 1979, at 5 (Surr. N.Y.); Estates of Frieman, 67 Misc. 2d. 304 (Surr. Westchester 1971).”
Although both of the foregoing cases were decided under the predecessor to EPTL 5-1.1-A, there is nothing in the current statute which would affect the result. Inasmuch as the notice of election meets the technical requirements of the statute, and no beneficiary is affected by the waiver, the court can discern no reason of fact or policy why such election should not be honored. For each of the foregoing reasons, the court finds the notice of election, as filed by the surviving spouse of the decedent, to be valid according to its terms.
Successor letters testamentary and successor letters of trusteeship shall issue to Marc Owen Mandel upon his duly qualifying according to law, to act in conjunction with Philip Mandel and Milton H. Hendler to whom similar letters have heretofore issued.